STATE v. FRANK SIMMONS, ALIAS "GEECH."

(Filed 16 April, 1930.)

Criminal Law G e—Testimony in this case should have been excluded under the hearsay rule.

Where there is evidence that the prisoner on trial for murder was at the time of the killing with another stealing chickens, testimony of a statement made by the other person in the absence of the prisoner that the prisoner had done the killing is incompetent as hearsay, and its admission upon the trial over the objection of the accused, is reversible error.

APPEAL by defendant from *Moore, J.,* at November Criminal Term, 1929, of GUILFORD.

Criminal prosecution tried upon an indictment charging the prisoner with the murder of one W. T. Bowman.

From an adverse verdict and sentence of death by electrocution entered thereon, the prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Spencer B. Adams and Wm. E. Comer for defendant.*

STACY, C. J. The evidence on behalf of the State tends to show that on the night of 24 February, 1927, the prisoner and one Perry White were out "chicken thieving"; that they came upon Deputy Sheriff W. T.

Bowman who had secreted himself in the dark watching for prowlers or marauders; and that one of them shot and killed the officer.

Charles Fields was permitted to testify and repeat it several times, over objection of the prisoner, that soon after the shooting he arrested Perry White, who told him that Frank Simmons was the one who did the shooting. The court referred specifically to this evidence in its charge and instructed the jury to consider it.

This evidence was incompetent as against the prisoner, who was not present at the time the statement was made, and should have been excluded on objections duly entered in apt time. *S. v. Green,* 193 N. C., 302, 136 S. E., 729.

It is a rule, too firmly established to admit of debate, that the declaration of a third person, not an agent of the party sought to be affected, made in the absence of such party, is inadmissible as hearsay. *Daniel v. Dixon,* 161 N. C., 377, 77 S. E., 305.

Speaking to the question in *S. v. Lassiter,* 191 N. C., 210, 131 S. E., 577, *Brogden, J.,* delivering the opinion of the Court, said: "The inherent vice of hearsay testimony consists in the fact that it derives its value, not from the credibility of the witness himself, but depends upon the veracity and credibility of some other person from whom the witness got his information." This is the general rule, supported by all the authorities on the subject. There are, of course, certain exceptions to the rule, not now necessary to be considered, as the evidence here complained of falls under none of them. *S. v. Blakeney,* 194 N. C., 651, 140 S. E., 433.

For the error, as indicated, there must be a new trial, and it is so ordered.

New trial.