ELIZABETH ROOKS v. DR. W. H. BRUCE and D. C. MOREHEAD.

(Filed 2 February, 1938.)

**1. Assault and Battery § 5—**

Nonsuit *held* correctly allowed as to one defendant upon plaintiff's testimony that the defendant did not curse, abuse, or frighten plaintiff, but merely took hold of his codefendant.

**2. Trespass § 1—**

Nonsuit on cause of action for trespass *held* proper upon failure of allegation and evidence of trespass other than for an assault, the motion to nonsuit on the cause of action for assault being denied.

**3. Appeal and Error § 39b—**

Exceptions to rulings upon the evidence relating to damages become immaterial when the answer to the first issue establishes that plaintiff was not injured by wrongful act of defendant.

**4. Trials § 7—**

The court has discretionary power to allow counsel for defendant to speak privately to defendant while he is a witness on the stand.

**5. Trial § 34—**

Objections to the statement of the contentions of a party must be made in apt time in order for assignments of error based thereon to be availing on appeal.

**· 6. Appeal and Error § 23—**

An assignment of error for that the charge failed to state in a plain and correct manner the evidence and to explain the law arising thereon as required by C. S., 654, without pointing out its deficiencies, is too general.

**7. Appeal and Error § 37d—**

The verdict of the jury on conflicting evidence is conclusive in the absence of prejudicial error upon the trial.

APPEAL by plaintiff from *Bivens, J.,* at September Term, 1937, of FORSYTH. No error.

*F. W. Williams for plaintiff, appellant.*
*Efird & Lüpfert for defendant Bruce, appellee.*
*Price & Jones for defendant Morehead, appellee.*

SCHENCK, J. This is an action to recover damages for injuries alleged to have been inflicted by an unlawful and willful assault upon the plaintiff by the defendants.

. The appellant assigns as error the granting of a motion for judgment as in case of nonsuit as to the defendant Morehead, lodged when the plaintiff introduced her evidence and rested her case. C. S., 567. This assignment of error cannot be sustained. The plaintiff in her own testimony says: "Morehead did not curse or abuse me at all. The only thing Morehead did was to take hold of Dr. Bruce. . . . Morehead didn't scare me."

The appellant assigns as error the granting of a motion for judgment as in case of nonsuit as to the defendant Bruce "on the action charging trespass" lodged when the plaintiff had introduced her evidence and rested her case. C. S., 567. This assignment cannot be sustained. There is neither allegation nor evidence of a cause of action for trespass other than that for an assault. The motion for judgment as of nonsuit as to the defendant Bruce of the action for an unlawful and willful assault was denied.

There was evidence for the plaintiff tending to show that the defendant Bruce entered the place of business of the plaintiff, a hair-dressing establishment, and threatened plaintiff by cursing her and by placing his hand on his hip-pocket, and attempted to strike the plaintiff, and thereby caused her to stop her work and leave the place at which she was working.

There was evidence for the defendant tending to show that he did not enter the place of business of the plaintiff, did not threaten her, and did not attempt to strike her.

The court submitted the following issues:

"1. Did the defendant unlawfully and wrongfully assault the plaintiff, as alleged in the complaint?

"2. What actual damages, if any, is the plaintiff entitled to recover of the defendant?

"3. What punitive damages, if any, is the plaintiff entitled to recover of the defendant?"

The jury answered the first issue in the negative and left the remaining issues unanswered.

From judgment accordant with the verdict the plaintiff appealed, assigning errors.

The first group of assignments of error are to the rulings upon the evidence which relate to the measure of damages. If such rulings were erroneous they were rendered harmless by the answer to the first issue. *Brewer v. Ring and Valk,* 177 N. C., 476.

The appellant assigns as error the fact that the court permitted counsel for defendant to speak privately to the defendant while he was a

witness on the stand. It appears that the court granted this request of counsel in its discretion. In this there was no error, especially since it does not appear what counsel said to the witness, his client. "The court below is given large discretionary power as to the conduct of a trial. *Bowman v. Howard,* 182 N. C., 662; *Banking Co. v. Walker,* 121 N. C., 115; *Shober v. Wheeler,* 113 N. C., 370; *S. v. Anderson,* 101 N. C., 758; *Cheek v. Watson,* 90 N. C., 302; and *Brooks v. Brooks, ibid.,* 142. This discretion frequently has the effect of shortening trials and arriving at the main gist of the case." *May v. Menzies,* 186 N. C., 144.

The only assignments of error as to the charge are to the statement of certain contentions of the defendant. The objections upon which these assignments are based were made for the first time upon appeal. They came too late. They should have been made at the time the charge was delivered to avail the appellant. *S. v. Steele,* 190 N. C., 506, and cases there cited.

The assignment of error that the court failed to state in a plain and correct manner the evidence and to explain the law arising thereon as required by C. S., 564, without stating in what manner the charge falls short of the requirements is too general and cannot be sustained. *Jackson v. Lumber Co.,* 158 N. C., 318; *Davis v. Keen,* 142 N. C., 496; *Simmons v. Davenport,* 140 N. C., 407.

The jury heard the evidence, observed the witnesses on the stand, and, under a charge free from prejudicial error, answered the first issue ·in favor of the defendant. It may have been that in the conflict of evidence the rule as to the burden of proof was determinative of the jury's finding. However this may be, the jury having spoken, we are not at liberty to reverse their finding in the absence of prejudicial error.

No error.