W. E. VESTAL v. MOSELEY VENDING MACHINE EXCHANGE, INC., AND H. F. MOSELEY, PERSONALLY.

(Filed 30 April, 1941.)

**1. Appearance § 2—**

The filing of a bond for the release of property attached, the filing of a demurrer, and the filing, as a stipulation of record, an agreement to extend the time for filing answer, each constitutes a general appearance waiving any defect or irregularity in the service of summons.

**2. Appeal and Error § 6d—**

An exception "to the rulings of the court and the findings of fact" and an assignment of error that the court "erred in its rulings and findings of fact" fails to point out or designate the particular finding of fact to which exception is taken, and is bad as a broadside exception and assignment of error, and further, is insufficient to challenge the sufficiency of the evidence to support the findings, or any one or more of them.

**3. Appeal and Error § 40a—**

Where the evidence does not appear of record it will be presumed that there was sufficient evidence to support the findings sustaining the judgment of the court.

APPEAL by defendants from *Johnston, Special Judge,* at December Term, 1940, of MECKLENBURG. Affirmed.

Civil action to recover damages for a breach of contract of employment.

That summons was served on the corporate defendant is not challenged. No summons was served on the defendant Moseley, a nonresident.

In the original complaint it is alleged that the corporate defendant is a corporation organized, existing and doing business under the laws of the State of North Carolina and of the laws of the State of Virginia. In an amended complaint it is alleged that said defendant is a North Carolina corporation, has withdrawn from the State of North Carolina and has left no process agent upon whom service can be had.

A writ of attachment was issued and, according to the return of the sheriff, certain debts due the corporate defendant were garnisheed and personal property belonging to the defendants was attached.

A bond for the release of the attached property was filed with the clerk.  This bond is signed by the surety but not by the defendants. It is designated as "defendants' bond" and recites the attachment and the fact that certain property belonging to the defendants was attached thereunder.  There also appears of record a written agreement under which counsel for plaintiff consented that the "attorneys for the defendant should have additional time within which to answer."

The defendant Moseley appeared specially and moved to dismiss the action for that there has been no service of summons upon him and no property belonging to him personally was attached and that, therefore, the court is without jurisdiction.

The Moseley Vending Machine Exchange, Inc., of North Carolina and the Moseley Vending Machine Exchange, Inc., of Virginia demurred to the complaint "on the grounds that, to-wit, for the incapacity of the defendant to be sued, so as to give the court jurisdiction.  It appears that on the face of the complaint that said corporation is one organized under the laws of the State of North Carolina and the State of Virginia."

When the cause came on to be heard in the court below on the special appearance and the demurrer the court found the facts and, upon the facts found, concluded: (1) that defendant Moseley is properly in court; and (2) that the demurrer filed should be overruled.  It thereupon entered judgment overruling the demurrer and denying the motion of the defendant Moseley to dismiss.  Each defendant excepted and appealed.

*Henry L. Strickland for plaintiff, appellee.*
*H. Haywood Robbins for defendants, appellants.*

BARNHILL, J.  We are unable to determine upon what grounds the corporate defendant bases its contention that it is not subject to suit in the courts of North Carolina.  It contends that there are two separate corporations.  Both demurred.  If it is a Virginia corporation then the service of the summons under C. S., 491, and the attachment of its property gives jurisdiction.  If it is a North Carolina corporation which has withdrawn from the State and left no process agent within the State, as appears by affidavit, then the service of summons upon the Secretary of State is sufficient.  Conceding, however, the want of proper service, defendant has appeared and filed bond.  This is equivalent to a general appearance.  *Bizzell v. Mitchell,* 195 N. C., 484, 142 S. E., 706.  Likewise, when defendant appeared and filed demurrer it waived any irregularity in the service of summons.  In this connection it is to be noted that the demurrer is on behalf of both corporate defendants.  The agreement to extend time for filing answer which was filed as a stipulation of record likewise constitutes a general appearance.  *Lexington v. Indem-*

*nity Co.,* 207 N. C., 774, 178 S. E., 547; *Cook v. Bank,* 129 N. C., 149; *Scott v. Life Assn.,* 137 N. C., 516.

We are unable to discover any error in the judgment overruling the demurrer.

The defendant Moseley is in court, if at all, by virtue of a general appearance. The court below found, in part, that this defendant filed bond for the release of the property attached and that he, through counsel, obtained an agreement for an extension of time within which to answer. This defendant excepts "to the rulings of the court and findings of fact upon which the judgment was signed." His assignment of error is "that the court erred in its rulings and findings of fact." This is a broadside exception and assignment of error. It fails to point out or designate the particular finding of fact to which exception is taken. Nor is it sufficient to challenge the sufficiency of the evidence to support the findings, or any one or more of them. *Buchanan v. Clark,* 164 N. C., 56; *Assurance Society v. Lazarus,* 207 N. C., 63, 175 S. E., 705; *Odom v. Palmer,* 209 N. C., 93, 182 S. E., 741; McIntosh P. & P., 554, sec. 517. It does not avail the defendant upon his general contention, here made, that there is no sufficient evidence to support certain findings made by the court.

The case on appeal does not disclose the evidence offered. When the testimony does not appear in the record it is presumed that there was sufficient evidence to support the findings. *Bronson v. Paynter,* 20 N. C., 527; *Bernhardt v. Dutton,* 146 N. C., 206; *Wadford v. Gillette,* 193 N. C., 413, 137 S. E., 314; *Caldwell v. Robinson,* 179 N. C., 518; *Thornton v. Barbour,* 204 N. C., 583, 169 S. E., 153.

We are unable to discover any sufficient reason for disturbing the judgment denying the motion of the defendant Moseley to dismiss the action as to him for want of proper service. From the findings of fact contained in the judgment it appears that he has made a general appearance and subjected himself to the jurisdiction of the court.

The judgment below is
Affirmed.