## STATE v. DR. C. DILLIARD, JR.

(Filed 13 October, 1943.)

**1. Evidence §§ 27, 41—**

In a criminal prosecution for performing an operation on a pregnant woman, evidence of prosecutrix that she was told by a third person about the operation defendant gave, in explanation of her visit to defendant, is not hearsay and is competent.

**2. Evidence § 47—**

Expert testimony is admissible where it relates to matters requiring expert skill or knowledge in the medical field, about which a person of ordinary experience would not be capable of forming a satisfactory conclusion, unaided from one learned in the medical profession.

**3. Evidence § 52—**

Where a medical expert witness merely expresses his professional opinion upon an assumed finding of facts, and the facts assumed are supported by the testimony previously offered, such evidence is competent.

**4. Appeal and Error §§ 6b, 6f, 23—**

Broadside exceptions will not be considered. An assignment under C. S., 564, must particularize and point out specifically wherein the court failed to charge the law arising on the evidence.

**5. Criminal Law § 56—**

A motion in arrest of judgment must be based on some matter which appears, or for the omission of some matter which ought to appear, on the face of the record, creating a vital defect in some phase of the proceeding.

**6. Criminal Law § 54c—**

Upon the trial on an indictment charging the performance of an operation on a woman (1) quick with child, with intent to destroy the child, and (2) with intent to procure a miscarriage, C. S., 4226, 4227, there was a verdict of guilty, and upon the jury being polled, each juror stated that the verdict related to the first count, which verdict was entered; and upon retirement and further consideration of the second count, as instructed, the verdict on that count was not guilty, the defendant is not prejudiced thereby.

APPEAL by defendant from *Frizzelle, J.,* at April Term, 1943, of WAYNE. No error.

Criminal prosecution on bill of indictment charging: (1) That the defendant performed an operation upon the prosecutrix, quick with child, with intent to destroy such child. C. S., 4226; and (2) that the defendant performed an operation upon the prosecutrix with intent to procure a miscarriage. C. S., 4227.

The prosecutrix, a resident of Wilmington, N. C., discovering that she was pregnant, telephoned defendant at Whiteville, N. C. She then inter-

viewed him twice, once in August and once in September, relative to procuring an abortion. At that time she did not have the necessary money. In December she visited his office, then in Goldsboro, at which time he performed an operation on her "to get rid of the baby." The first operation did not produce the desired results. She returned to his office on a Tuesday and he again submitted her to treatment. On the following Saturday morning she gave premature birth to a fairly well developed child, about 7½ lunar months of age. It was either stillborn or died at birth. This prosecution followed.

When the cause came on to be tried in the court below, the jury returned a general verdict of guilty. Upon being polled at the request of the defendant, they stated, each for himself, that they found him guilty on the first count but did not consider the second count. The court then directed them to return to their room and consider the second count. They then returned a verdict of not guilty on the second count. The court below pronounced judgment, and the defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*J. Faison Thomson for defendant, appellant.*

BARNHILL, J. The defendant offered no testimony in defense. But the nurse who acted as an attendant in his office did testify in behalf of the State. Her testimony and that of the prosecutrix was amply sufficient to repel a motion to dismiss under C. S., 4643, and to require the determination of the issue of guilt or innocence by the jury.

The prosecutrix testified that she went to see the defendant to obtain his services and "I told him Mrs. Haifle told me about him, the operation he gave. She had told me about this operation he gave." To her statements as to what she told him the defendant excepted and moved to strike. The exception is bottomed upon the assumption that this was hearsay testimony. It cannot be sustained.

This was a statement made to the defendant in explanation of the visit by prosecutrix. Its probative force does not depend, in whole or in part, upon the competency and credibility of any person other than the witness. *S. v. Green,* 193 N. C., 302, 136 S. E., 729; *S. v. Lassiter,* 191 N. C., 210, 131 S. E., 577; *S. v. Simmons,* 198 N. C., 599, 152 S. E., 774; *Teague v. Wilson,* 220 N. C., 241, 17 S. E. (2d), 9. It does not put at issue the truth or falsity of the statement made by Mrs. Haifle. It derives its value from the credibility of the witness. It was made on oath and the maker was subject to cross-examination. Hence it does not come within the hearsay rule.

STATE v. DILLIARD.

The State examined Dr. A. H. Elliott, Health Officer of New Hanover County, who saw the body of the child after birth. During his examination he was asked certain hypothetical questions, to which defendant excepted.

The hypothetical question answered by the witness clearly assumed the facts and circumstances surrounding the treatment rendered prosecutrix by defendant and the subsequent premature birth relied on by the State to establish the crime charged. It combined substantially all the facts about which evidence was offered, and it was sufficiently explicit for the witness to give an intelligent and safe opinion. The witness drew no inference from the testimony. He merely expressed his professional opinion upon an assumed finding of facts, and the facts assumed were supported by testimony previously offered. It related to matter requiring expert skill or knowledge in the medical field about which a person of ordinary experience would not be capable of forming a satisfactory conclusion unaided by expert information from one learned in the medical profession. *Pigford v. R. R.,* 160 N. C., 93, 75 S. E., 860; *S. v. Bowman,* 78 N. C., 509; *Ray v. Ray,* 98 N. C., 567; *Martin v. Hanes Co.,* 189 N. C., 644, 127 S. E., 688; *Godfrey v. Power Co.,* 190 N. C., 24, 128 S. E., 485. Subsequent questions addressed to the doctor, to which exception was entered, merely sought and obtained explanation and simplification of his opinion. The testimony was competent.

Defendant likewise makes broadside exception to the charge for that it fails "to declare and explain the law arising from the facts." In his brief under this assignment he contends that the court failed to charge on the clause "unless the same shall be necessary to preserve the life of the mother." Apparently this provision of the statute constitutes an exceptive proviso, of which the defendant must take advantage by way of defense. *S. v. Connor,* 142 N. C., 700, 55 S. E., 787; *S. v. Johnson,* 188 N. C., 591, 125 S. E., 183; *S. v. Epps,* 213 N. C., 709, 197 S. E., 580; *S. v. Davis,* 214 N. C., 787, 1 S. E. (2d), 104, and cases cited. This we need not now decide for the reason that the assignment is too general and indefinite to present any question for decision. *Rooks v. Bruce,* 213 N. C., 58, 195 S. E., 26; *S. v. Webster,* 218 N. C., 692, 12 S. E. (2d), 272; *Jackson v. Lumber Co.,* 158 N. C., 317, 74 S. E., 350; *Davis v. Keen,* 142 N. C., 496, 55 S. E., 359. Unpointed, broadside exceptions will not be considered. *McKinnon v. Morrison,* 104 N. C., 354, 10 S. E., 513; *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175. The Court will not go on a voyage of discovery to ascertain wherein the judge failed to explain adequately the law in the case. *Cecil v. Lumber Co.,* 197 N. C., 81, 147 S. E., 735. The assignment must particularize and point out specifically wherein the court failed to charge the law arising on the evidence.

The jury returned a general verdict of guilty. Upon being polled at the request of the defendant, each juror stated that he found the defendant guilty on the first count. Eleven said they did not consider the second count. One stated, "I understood it took the second count in consideration if we all found him guilty on the first count." Whereupon, the verdict of guilty on the first count was entered, and the court directed the jury to return to their room and reach a verdict on the second count. They then, after further deliberation, returned for their verdict on the second count "not guilty on the second count." The record fails to disclose any exception to this proceeding entered at the time. But the defendant, after the rendition of the verdict, moved in arrest of judgment. This motion must be denied.

A motion in arrest of judgment must be based on some matter which appears, or for the omission of some matter which ought to appear, on the face of the record, creating a vital defect in some phase of the proceeding. *S. v. McKnight,* 196 N. C., 259, 145 S. E., 281, and cases cited; *S. v. Linney,* 212 N. C., 739, 194 S. E., 470; *S. v. Brown,* 218 N. C., 415, 11 S. E. (2d), 321.

Here no defect appears. A verdict of guilty was rendered. Upon being polled, the jurors, each for himself, stated that it related to the first count. It was so entered. As to that the record is clear, and it was upon this verdict that judgment was pronounced. Even if we concede—and we do not—that the further proceedings in respect to the second count were irregular, the verdict on that count was "not guilty." It follows that the defendant has not been prejudiced thereby.

The other assignments of error not specifically discussed are untenable.

In the trial below we find

No error.