### STATE v. MAY HARRILL.

(Filed 27 September, 1944.)

**Prostitution § 5b—**

> Testimony, tending to show the reputation of the house of defendant and of persons residing in or frequenting the same, is made competent by statute in cases of prosecution for prostitution.   G. S., 14-206.

APPEAL by defendant from *Pless, J.,* at May Term, 1944, of RUTHER-FORD. No error.

The defendant was charged with prostitution. The jury returned verdict of guilty, and from judgment imposing sentence, defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Hamrick & Hamrick and T. J. Moss for defendant.*

DEVIN, J. The record discloses that there was sufficient evidence offered by the State to carry the case to the jury on the charge of engaging in prostitution as defined by the statute. G. S., 14-203. There was general verdict of guilty. The defendant offered no evidence.

Exception was noted to the admission by the court, over objection, of testimony tending to show the bad character of the three women who resided in the house occupied by the defendant. This testimony, together with evidence of the reputation of the house, is made competent by statute in cases of prostitution. G. S., 14-206; *S. v. Waggoner,* 207 N. C., 306, 176 S. E., 566; *S. v. Sinodis,* 189 N. C., 565, 127 S. E., 601.

The exception that the judge's charge did not comply with G. S., 1-180, cannot be sustained. *S. v. Dilliard,* 223 N. C., 446.

In the trial we find

No error.