STATE v. CLYDE ROSCOE JONES AND CECIL JONES.

(Filed 7 May, 1947.)

**1. Assault § 13: Robbery § 3—**

Evidence that two persons acted in concert, that one of them assaulted prosecuting witness and both attempted to rob him, with evidence identifying defendants as the perpetrators of the crimes, *held* sufficient to be submitted to the jury and sustain conviction of simple assault and attempt to commit highway robbery.

**2. Criminal Law § 78e (1)—**

An exception to a specific portion of the charge is insufficient to present the contention that the charge failed to state the evidence and declare and explain the law arising thereon, G. S., 1-180, unless such portion is in itself fatally defective.

**3. Criminal Law § 53b—**

The failure of the court to add the words "beyond a reasonable doubt" in each instance that it uses the phrase "if the State has satisfied you from the evidence" cannot be held for prejudicial error when the court has used the words "beyond a reasonable doubt" in each portion of the charge excepted to and has theretofore correctly instructed the jury as to the *quantum* of proof required of the State.

**4. Robbery § 1a—**

The effect of Chap. 187, P. L. 1929 (G. S., 14-87) is merely to provide a more severe punishment for robbery and for attempt to rob when the offenses are committed by the use or threatened use of firearms or other dangerous weapons, without otherwise adding to or subtracting from the common law offense of robbery.

**5. Robbery § 3: Criminal Law § 53g—**

Defendant was charged with an attempt to commit highway robbery with firearms. The State's evidence was sufficient as to each essential element of attempt to commit robbery but was insufficient to show the use

of firearms in the attempt. *Held:* The court correctly submitted the evidence to the jury on the question of defendant's guilt of the less grave offense of attempt to commit highway robbery. G. S., 15-170.

**6. Criminal Law § 53d—**

The word "attempt" is self-explanatory, and the failure of the court to define and explain its meaning in the absence of prayer for special instructions is not on this record reversible error.

APPEAL by Clyde Roscoe Jones from *Thompson, J.,* at December Term, 1946, of COLUMBUS. No error.

Criminal prosecution under bill of indictment charging (1) a felonious assault (G. S. 14-2) upon R. S. Britt, and (2) an attempt to commit highway robbery with firearms.

The testimony, considered in the light most favorable to the State, tends to show the following facts. Defendant Roscoe Jones was employed by R. S. Britt to drive a truck to convey strawberries to market places. On 25 April 1946 he did not report for work and someone else was employed in his stead. That night Britt returned to Whiteville about 8:00 p.m. His driver got off the truck and Britt proceeded towards his home about seven miles in the country. A car followed him so closely its lights interfered with his driving. Some distance out of town the driver of the car blew his horn several times and Britt pulled to one side of the road. A young man came to the window of his truck and demanded his pocketbook. He denied having one. Thereupon he was struck on the head with a blackjack or pistol, and the first man and a companion "lit all over" him, felt his clothing, "and went all around under the seat." A car approached and the two men disappeared. Another car came along and carried Britt to the hospital.

When first assaulted, Britt tried to drive off, but his truck crossed the road ditch and hit a tree. At that time he managed to throw his pocketbook in the woods and so his assailants got nothing from him.

Britt recognized Roscoe Jones as one of his assailants but did not identify his companion. However, there was evidence defendants admitted to officers they were the ones who stopped him, claiming they did so to get Roscoe's coat off the truck, and then some argument developed between Britt and Cecil Jones relative to money Britt owed Roscoe, in the course of which Cecil struck Britt with his fist. There was other evidence relative to the conduct of the defendants that afternoon and night which tends to identify them as the parties who stopped Britt on the public highway.

The court, on the first count, submitted the cause to the jury on the lesser offense of assault with a deadly weapon and, on the second count, on the charge of an attempt to commit highway robbery.

By their verdict on the first count, the jury found each defendant guilty of a simple assault, and on the second count, guilty of an attempt to commit highway robbery.

The court pronounced judgment on the verdict on each count, the sentences to run consecutively, and defendant Clyde Roscoe Jones appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Frink & Herring for defendant appellant.*

BARNHILL, J. It may be conceded that the identification of defendants by the prosecuting witness was by no means convincing. Even so, there was other evidence tending to point to them as the parties who followed Britt and stopped him on the highway. Furthermore, there was uncontroverted evidence that they so admitted. The real controversy involved the conflicting versions of what happened after defendants stopped him. If the statements made by defendants are to be accepted, then Cecil Jones committed a simple assault and Roscoe Jones committed no offense. If Britt's version of the occurrence is true, then the defendants, acting in concert, assaulted Britt and attempted to rob him. They were defeated in this purpose only by the fact Britt had no money on his person when they searched him.

The conflicting contentions in respect thereto were submitted to the jury. It was their prerogative to sift the evidence and find the facts. This they have done. The testimony is amply sufficient to sustain their verdict.

The appellant excepts to that part of the charge in which the court outlined the verdicts the jury might return under the second count as submitted to them. Under this exception he, in his brief, insists that the court failed to comply with the provisions of G. S. 1-180 in that it did not "state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon."

But an exception to a specific portion of the charge is not sufficient to present this question unless such portion is in itself fatally defective. There must be an assignment of error which points out specifically wherein the court failed to charge the law arising on the evidence. *S. v. Dilliard,* 223 N. C., 446, 27 S. E. (2d), 85; *Baird v. Baird,* 223 N. C., 730, 28 S. E. (2d), 225; *S. v. Harrill,* 224 N. C., 477, 31 S. E. (2d), 353; *S. v. Britt,* 225 N. C., 364; *Brown v. Loftis,* 226 N. C., 762. The Court will not make a voyage of discovery to ascertain error. *Cecil v. Lumber Company,* 197 N. C., 81, 147 S. E., 735.

In this and one other excerpt to which exception is entered, the court prefaced its instruction by "If the State of North Carolina has satisfied

you from the evidence . . ." The court had theretofore instructed the jury that the burden was on the State to satisfy them of the defendants' guilt beyond a reasonable doubt, and if it had failed so to do they should return a verdict of not guilty. The instruction was repeated in connection with each statement to which exception is entered. Thus the charge, considered contextually, fails to disclose prejudicial error.

The second count in the bill of indictment charges that defendant, in or near a public highway, with the use or threatened use of firearms, did feloniously attempt to rob one R. S. Britt. G. S. 14-87. The court below submitted the evidence to the jury on the "less degree of the crime charged," to wit, an attempt to commit highway robbery. This is permitted by statute when there is evidence of the "less degree" of the crime charged. G. S., 15-170.

The primary purpose and intent of the Legislature in enacting Chap. 187, P. L. 1929, now G. S. 14-87, was to provide for more severe punishment for the commission of robbery when such offense is committed or attempted with the use or threatened use of firearms or other dangerous weapons. It does not add to or subtract from the common law offense of robbery except to provide that when firearms or other dangerous weapons are used in the commission or attempted commission of the offense sentence shall be imposed as therein directed. *S. v. Keller,* 214 N. C., 447, 199 S. E., 620.

To sustain the charge alleged in the indictment it was necessary for the State to, and it did, offer evidence of every element necessary to be proven in order to convict of an attempt to commit highway robbery. On the other hand, evidence of the use of firearms as charged in the indictment was too vague and uncertain to justify the submission of the graver offense. This is evidenced by the verdict of the jury on the first count. Hence, the court properly followed the procedure authorized by G. S., 15-170. *S. v. Elmore,* 212 N. C., 531, 193 S. E., 713; *S. v. Hall,* 214 N. C., 639, 200 S. E., 375; *S. v. Batson,* 220 N. C., 411, 17 S. E. (2d), 511. As to this the defendant has no just cause to complain.

The court, it is true, did not define and explain the meaning of "attempt." The word "attempt" is one of common usage and means "Act of attempting; an essay, trial, or endeavor; an undertaking; esp., an unsuccessful effort." Webster's New Int. Dic., 2d Ed.; "An endeavor to accomplish a crime carried beyond mere preparation for it, but falling short of the ultimate design. The elements are (1) intent to commit a crime; (2) affirmative action in pursuance of that intent, but falling short of the crime intended." Callaghan, Cyclopedic Law Dic.; *S. v. Parker,* 224 N. C., 524, 31 S. E. (2d), 531. Hence, it was self-explanatory. The absence of amplification cannot be held for reversible error in the absence of special prayer.

We have carefully examined the other exceptive assignments of error and find in them no cause for disturbing the verdict.

No error.