EFFIE FLORENCE THOMPSON v. WESLEY THOMPSON AND WIFE, MRS. WESLEY THOMPSON.

(Filed 16 April, 1952.)

**1. Appeal and Error § 29—**

Assignments of error not brought forward and argued in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Appeal and Error § 6c (2)—**

An assignment of error, based on a general exception to the order of confirmation, that the court confirmed the report of commissioners in partition notwithstanding that the commissioners failed to follow directions in the judgment for partition, *is held* ineffectual as a broadside exception in failing to point out in what particulars the commissioners failed to follow the judgment, and presents at most whether error of law appears on the face of the record.

**3. Partition § 4d—**

Judgment confirming report for actual partition in accordance with the consent judgment theretofore entered will not be held for error on the ground that the commissioners failed to take into consideration the value of a structure erected on the land by one party and allotted to the other, even though the report makes no specific reference to the structure, when the record discloses that the value of the structure was, in fact, considered by the commissioners in the division of the land.

**4. Appeal and Error § 40d—**

Findings of fact of the trial court are conclusive on appeal when supported by evidence.

**5. Appeal and Error § 6c (2)—**

An assignment of error to judgment confirming report of commissioners in partition proceedings on the ground that the delay of the commissioners in bringing in the report resulted in prejudice to the rights of appellant, *is held* ineffectual as a broadside exception in failing to point out in what particular the delay resulted in injury.

**6. Partition § 4d—**

  The mere fact that commissioners in partition failed to file their report within sixty days after notification does not vitiate the report or preclude confirmation.   G.S. 46-17.

APPEAL by defendants from *Crisp, Special Judge,* at October Term, 1951, of RANDOLPH.

Special proceeding for partition of land.

After the petition and answer were filed, consent judgment was entered by Judge Susie Sharp at the October Term, 1950, adjudging: (1) that the plaintiff and the defendant Wesley Thompson are the owners in fee simple as tenants in common of the land described in the petition; (2) that the plaintiff and the defendant Wesley Thompson each owns a one-half undivided interest in the land, and it was ordered that each be allotted his or her share in severalty.   Three commissioners were named and designated to make the partition, with the usual direction respecting the assessment of owelty charges under G.S. 46-10, and with further direction that the defendant Wesley Thompson be given credit for a chicken house erected by him on the premises.   As to this, the judgment provides that in the event the portion of the property allotted to the defendant Wesley Thompson "shall contain the chicken house," such portion shall be valued without reference thereto; and in the event the defendant's share does not embrace the chicken house, the share allotted to him "shall be increased by the value of the chicken house."

Two of the commissioners appointed by Judge Sharp declined to act and tendered their resignations in February, 1951.   Thereafter Judge F. Donald Phillips, Judge Presiding at the March Term, 1951, entered an order appointing two substitute commissioners, with direction that they act with the third commissioner previously appointed "in dividing the lands described in the petition filed in this cause according to the terms set out in the judgment signed by Her Honor Susie Sharp . . ."

The commissioners, after partitioning the land, filed their report in the Clerk's office 31 July, 1951, signed by all of them.   Tract No. 1, containing 76.20 acres, was allotted to the plaintiff, and Tract No. 2, containing 95.70 acres, was allotted to the defendant Wesley Thompson. The report makes no specific reference to the chicken house; however, the record indicates it is embraced in Tract No. 1 and this tract is charged in the report "with $535.00 to be paid to Tract No. 2."

The defendants in apt time filed exceptions to the commissioners' report, the pertinent exceptions being in substance as follows: (1) "For that the allotments, . . . notwithstanding the charge of $535.00 against Tract No. 1 . . . are not equal in value."   (2) "For that the report . . . fails to show (that) the value of the chicken house erected by the defendants . . . was taken into consideration . . ."   (3 and 4) That the com-

missioners failed to make their report within 60 days after notification of their appointment as required by G.S. 46-17; that during the period of delay the commissioners, as a result of outside influence, changed their first decision on the location of the divisional line between the two shares, to the prejudice and injury of the defendants.

Thereafter it was stipulated and agreed by the attorneys for the parties that Judge H. Hoyle Sink should hear the exceptions at the September Term, 1951, but as it turned out the case was not reached or heard at that term.

The cause came on for hearing on the exceptions at the October Term, 1951. Both sides offered evidence, at the conclusion of which Judge Crisp entered the order from which the defendants now appeal. The order recites that "After hearing the affidavits of both the plaintiff and defendant and the oral evidence of the defendant as to the objections and exceptions filed by the defendant, the Court finds that the report filed by said commissioners is fair and just and should be confirmed: It is, therefore, ordered, adjudged and decreed by the Court that said report be, and the same is hereby confirmed. . . . And it is further ordered that the charge against the more valuable share and in favor of the share inferior in value, as shown by said report, be entered on the judgment docket as by law provided."

To the signing of the order of confirmation, the defendants excepted and appealed to this Court, assigning errors.

*Prevette & Collrane for plaintiff, appellee.*
*Sam W. Miller for defendants, appellants.*

JOHNSON, J. The agreed statement of case on appeal indicates that the defendants in challenging the proceedings below assigned five errors. Of these, however, only two are brought forward on brief. Therefore, the other three assignments of error, in support of which no argument is stated or authority cited, will be taken as abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 562 *et seq. Rose v. Bank,* 217 N.C. 600, 9 S.E. 2d 2; *Dillingham v. Kligerman, ante,* 298.

The remaining assignments, 2 and 5, will be stated and discussed in that order:

*Assignment of Error No. 2.*—Here the defendant assigns as error "that his Honor confirmed the report of the Commissioners notwithstanding the fact that the Commissioners failed to follow the orders contained in the consent judgment of Honorable Susie Sharp heretofore referred to, and the supplemental judgment of Honorable F. Donald Phillips when he appointed new commissioners in place of the ones who had resigned."

THOMPSON *v.* THOMPSON.

This assignment of error is supported by no specific exception—the only exception in the record being the general exception to the order as set out in the appeal entries. It thus appears that the assignment of error is fatally defective in failing to point out in what particular "the Commissioners failed to follow the orders" directing partition of the land. Hence, the assignment, like the exception appearing in the appeal entries, is broadside. *Vestal v. Vending Machine Exchange,* 219 N.C. 468, 14 S.E. 2d 427. It is elementary that if a litigant would invoke the right of review, he must point out specifically and distinctly the alleged error. *Weaver v. Morgan,* 232 N.C. 642, 61 S.E. 2d 916. At most, then, this assignment presents only the question whether error of law appears on the face of the record. *Weaver v. Morgan, supra; Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351. See also *S. v. Williams, post,* 429. Here the defendants urge that the report of the commissioners fails to show specifically that they took into consideration the value of the chicken house erected by the defendant Wesley Thompson on the share allotted to the plaintiff as directed in the judgment of partition. Nothing else appearing, this might be treated as error appearing on the face of the record. However, it further appears on the record that at the hearing below one of the commissioners, testifying as a witness for the defendants, said "we considered the value of the chicken house, the best I can tell, at $200." The record also indicates that while the evidence was sharply conflicting on the main question of equality of partition, there was substantial evidence tending to show that the division was fair and equal. It is elementary that the findings of fact by a trial court are conclusive on appeal if there be evidence to support them. *Burnsville v. Boone, supra.* Accordingly, while decision as to this assignment of error turns on failure to observe established rules of appellate procedure, nevertheless it appears that the result would have been the same if the defendants had complied with the procedural requirements.

*Assignment of Error No. 5.*—Here the assignment is "that his Honor was in error in confirming the report of the Commissioners when the evidence shows that their unjustifiable delay in bringing in the report resulted in prejudice to the rights of the defendants."

This assignment of error, like Assignment No. 2, is not supported by specific exception. It is fatally defective in that it fails to point out in what particular the "delay in bringing in the report resulted in prejudice to the rights of the defendants." Therefore this assignment, also, is broadside and must be overruled. *Weaver v. Morgan, supra; Burnsville v. Boone, supra.* The mere fact that the commissioners did not file their report within the statutory period of sixty days after notification (G.S. 46-17) does not vitiate the report or preclude confirmation.

No error.