In the Matter of LEE SAMS, Administrator of the Estate of ZORA RICE SAMS, Deceased.

(Filed 24 September, 1952.)

**1. Appeal and Error § 6c (3)—**

An exception to the "findings of fact as set forth in the judgment" is a broadside exception and is insufficient to challenge the sufficiency of the evidence to support the findings or any one of them.

**2. Appeal and Error § 40d—**

In the absence of an effective assignment of error to the findings of fact it will be presumed that there was sufficient evidence to support the findings.

**3. Appeal and Error § 6c (2)—**

A general exception to the judgment or the signing of the judgment presents for review the sole question of whether the facts found support the judgment.

**4. Executors and Administrators § 3—**

Findings that an administrator had moved from the jurisdiction of this State and had interests antagonistic to the estate is sufficient to support the clerk's order revoking letters of administration. G.S. 28-32, G.S. 28-8 (2).

**5. Same—**

On appeal from the clerk's order revoking letters of administration, the Superior Court should not hear the matter de novo but has authority only to review the record. In this case there being no exception to the hearing de novo and no prejudicial error having resulted from such hearing, the judgment approving the order of the clerk is affirmed.

Appeal by Lee Sams from McLean, Special Judge, at June Term, 1952, of Madison.

This is a proceeding under G.S. 28-32 for revocation of letters of administration issued by the Clerk of the Superior Court of Madison County to Lee Sams as administrator of the estate of Zora Rice Sams, deceased, heard below on verified complaint of Mrs. Iola Rice Franklin, Minnie Rice and Mrs. Vernon Buckner, sisters of the deceased, and response to

the charges filed by the administrator. The administrator is the surviving husband of the deceased.

The record discloses that the Clerk, after hearing the evidence, found these facts: "that the administrator, Lee Sams, removed from the jurisdiction of North Carolina and became a resident of the State of Florida; . . . that the administrator has interests antagonistic to the estate; and the court finding in its discretion that the administrator, Lee Sams, is legally incompetent to administer upon said estate and ought not to administer upon said estate." Thereupon an order was entered by the Clerk revoking the letters previously issued. To this order the administrator excepted and appealed therefrom to the Superior Court. There the Presiding Judge, after a *de novo* hearing, found facts and entered judgment "approving and affirming" the order of the Clerk revoking the letters of administration, and remanding the cause to the Clerk.

To the judgment entered Lee Sams excepted and appealed to this Court. The bill of "Exceptions and Assignments of Error" set out in the case on appeal recites that Lee Sams, Administrator (1) "excepts to the findings of fact, as set forth in the judgment. . . ." and (2) ". . . excepts and assigns as error the signing of the judgment. . . ."

*Clyde Roberts and Guy Weaver for Lee Sams, Administrator, appellant.*

*J. M. Baley, Jr., for appellees.*

JOHNSON, J. The exceptive assignment to the findings of fact is broadside. *Weaver v. Morgan,* 232 N.C. 642, 61 S.E. 2d 916; *Thompson v. Thompson,* 235 N.C. 416, 70 S.E. 2d 495. It is insufficient to challenge the sufficiency of the evidence to support the findings or any one of them. *Town of Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351; *Wilson v. Robinson,* 224 N.C. 851, 32 S.E. 2d 601; McIntosh, N. C. P. & P., Sec. 517. In this state of the record, the presumption is there was sufficient evidence to support the findings. *Vestal v. Vending Machine Exchange,* 219 N.C. 468, 14 S.E. 2d 427.

The general exception to the order of the Clerk carried up for review before the Judge of the Superior Court only the question whether the facts found by the Clerk support the order. And in turn the general exception to the judgment signed by the Judge brings here for review the single question whether the facts found support the judgment. *Wilson v. Robinson, supra; Thompson v. Thompson, supra.* It is manifest that both the order of the Clerk and the judgment of the Judge are supported by the facts found. G.S. 28-32; G.S. 28-8 (2); 21 Am. Jur., Executors and Administrators, Sec. 158; *In re Battle,* 158 N.C. 388, 74 S.E. 23.

— -

It is noted that the appeal from the Clerk was heard *de novo,* by the Presiding Judge, rather than in his appellate capacity by review of the record as approved by numerous decisions of this Court: *In re Estate of Johnson,* 232 N.C. 59, 64, 59 S.E. 2d 223; *In re Will of Hine,* 228 N.C. 405, 411, 45 S.E. 2d 526; *In re Estate of Styers,* 202 N.C. 715, 164 S.E. 123; *In re Estate of Wright,* 200 N.C. 620, 158 S.E. 192; *In re Will of Gulley,* 186 N.C. 78, 118 S.E. 839; *Edwards v. Cobb,* 95 N.C. 4. See also: McIntosh, N. C. P. & P., Sections 65, 72, 696 and 701; *Rowland v. Thompson,* 64 N.C. 714; *In re Estate of Edwards,* 234 N.C. 202, 66 S.E. 2d 675; *Mills v. McDaniel,* 161 N.C. 112, 76 S.E. 551. However, there was no objection or exception to the *de novo* hearing in the Superior Court, and upon the record as presented no prejudicial error has been made to appear. Therefore the judgment below affirming and approving the former order of the Clerk is

Affirmed.