PAUL R. WORSLEY (EMPLOYEE) v. S. &. W. RENDERING COMPANY, INC., (EMPLOYER)—BITUMINOUS CASUALTY CORPORATION (INSURER),

and

J. S. SUGG (EMPLOYEE) v. S. &. W. RENDERING COMPANY, INC., (EMPLOYEE)—BITUMINOUS CASUALTY CORPORATION (INSURER).

(Filed 3 March, 1954.)

**1. Master and Servant § 55c—**

The procedure in appeals from the Industrial Commission to the Superior Court should conform substantially to that in appeals from subordinate courts when such appeals are restricted to questions of law by statute, and

appellant should file a bill of exceptions setting out specifically each error of law he asserts was committed by the Commission in making the award.

### 2. Master and Servant § 55d—

An exception to a finding of fact by the Industrial Commission on the ground that there was not sufficient competent evidence to support the same presents a question of law for the court.

### 3. Same—

On appeal from the Industrial Commission, the Superior Court is an appellate court without power to find facts, but is limited to review of alleged errors of law made by the Commission and presented for decision by exceptions duly entered, and each such exception should be ruled upon separately so as to preserve the right to further review.

### 4. Appeal and Error § 1—

On appeal from judgment of the Superior Court affirming or reversing an award of the Industrial Commission, the Supreme Court is limited to questions of law presented by assignments of error based on exceptions to specific rulings of the Superior Court.

### 5. Appeal and Error § 6c (1)—

Questions of law which appellant desires the Supreme Court to review, including questions of whether specific findings of fact are supported by the evidence, must be presented by exceptions duly taken and assignments of error duly made which point out specifically and distinctly the alleged error, and the Supreme Court, upon a broadside exception, will not make a voyage of discovery through the record to ascertain if error was committed at some time in some way during the progress of the trial.

### 6. Appeal and Error § 23—

An assignment of error must be bottomed on an exception duly entered in the record.

### 7. Same—

A single assignment of error to several rulings of the trial court must fail if any one of the rulings is correct.

### 8. Master and Servant § 55c—

Where appellants on appeal from the full Commission to the Superior Court give written notice of appeal for errors of law in the review of an award made by the Industrial Commission, but file no exception to any finding of fact or conclusion of law made by the full Commission, the appeal constitutes a broadside exception to the award, which does not challenge the sufficiency of the evidence to support the findings of fact of the Commission or any one of them, and the award must be affirmed if the Commission's conclusions of law are supported by facts found.

### 9. Appeal and Error § 6c (7)—

On appeal from judgment affirming the award of the Industrial Commission, the Supreme Court does not review the rulings and decisions of the Industrial Commission, but only the judgment of the Superior Court for errors of law properly presented, and it will not consider assignments of

error relating to alleged errors of law made by the Commission upon which the Superior Court has made no ruling.

APPEAL by defendants from *Bone, J.*, October Term, 1953, NASH.

Two workmen's compensation claims, consolidated for hearing.

The defendant S & W Rendering Company, Inc., hereinafter referred to as the employer, is a close corporation. Claimant Worsley owns fifty shares, claimant Sugg, forty-nine shares, and Sugg's wife, one share. Sugg is president, Worsley is secretary, and Mrs. Sugg is vice-president of the corporation. Worsley had been assigned duties other than those incident to his duties as secretary, and the employer furnished him an automobile to be used in the discharge of his duties.

On 13 September 1951 the claimants left Rocky Mount on the company automobile, primarily to go to Littleton to interview one Skinner, a supplier who had been irregular in his deliveries. They intended to and did make contact with other potential suppliers of raw material, leave advertising matter in various places to build good will for the corporation, and scout for doves.

On the return trip the claimants were involved in an automobile collision and both received serious injuries which incapacitated them, temporarily, from rendering any services whatever and by reason of which each incurred heavy hospital, nursing, and medical expenses. Each was paid his full salary during the time here involved and neither has suffered any loss of income during the period of his incapacity to earn wages or salary.

When the proceeding came on for hearing before the full Commission, on appeal from the hearing commissioner, the full Commission found the facts in detail and concluded as to each claimant that (1) he had suffered an injury by accident which arose out of and in the course of his employment, (2) he was at the time of the accident acting in the capacity of an employee and not as an executive, and (3) he is entitled to compensation for loss of wages notwithstanding he has been paid his full salary during the period of his incapacity. It thereupon made an award as to each claimant for compensation as well as for hospital and other expenses incurred.

In each case the defendant gave notice of appeal to the Superior Court "for errors in law in the review of an award made by the Full North Carolina Industrial Commission."

When the appeals came on for hearing in the court below, Bone, J., "being of the opinion that the conclusions of law based upon the findings of fact . . . are correct and lawful," affirmed the awards made by separate judgments—one on each claim.

The claimants entered no exception other than the exception to the judgments. Each claimant, having excepted to the judgment entered

on his claim, appealed, and the proceedings were consolidated for hearing in this Court. The two proceedings will be discussed as one case.

*Battle, Winslow & Merrell for plaintiff appellees.*
*Ruark, Young & Moore for defendant appellants.*

BARNHILL, C. J. While defendants in their application for a review by the full Commission of the award made by the hearing Commissioner assigned certain errors on the part of the hearing Commissioner, they entered no exception either to the findings of fact or conclusions of law made by the full Commission. Neither did they except to the award entered. They were content to give notice of their appeal to the Superior Court. *Greene v. Board of Education,* 237 N.C. 336, 75 S.E. 2d 129.

In appeals from the Industrial Commission to the Superior Court, the procedure should conform substantially to that in appeals from subordinate courts where, by statute, appeals are restricted to questions of law, or to the consideration of exceptions to the report of a referee. *Fox v. Mills, Inc.,* 225 N.C. 580, 35 S.E. 2d 869; *Anderson v. McRae,* 211 N.C. 197, 189 S.E. 639; *Gurganus v. McLawhorn,* 212 N.C. 397, 193 S.E. 844. The appellant should file a bill of exceptions setting out specifically each error of law he alleges was committed by the Commission in making the award. And of course an exception to a finding of fact by the Commission on the ground that there was no sufficient competent evidence to support the same presents a question of law for the court to decide. *Vause v. Equipment Co.,* 233 N.C. 88, 63 S.E. 2d 173.

When an appeal from the Industrial Commission comes on for hearing in the Superior Court the Judge before whom the appeal is heard sits as an appellate court. He can find no facts. Instead, his function is to review alleged errors of law made by the Commission and presented to him for review by the exceptions entered. He should overrule or sustain each and every exception addressed to alleged errors of law thus designated, so that the party aggrieved by his rulings may except thereto and present the question to this Court for review. *Fox v. Mills, Inc., supra.*

On an appeal to this Court from the judgment of the Superior Court affirming or reversing an award of the Industrial Commission, this Court is limited to a consideration of the contention of the appellant that there was error in matters of law at the hearing in the Superior Court. This contention must be presented to this Court by assignments of error based on exceptions to specific rulings of the Superior Court. *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609; *Smith v. Texas Co.,* 200 N.C. 39, 156 S.E. 160; *S. v. Parnell,* 214 N.C. 467, 199 S.E. 601; *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829; *S. v. Dilliard,* 223 N.C. 446, 27 S.E. 2d 85; *Powell v. Daniel,* 236 N.C. 489, 73 S.E. 2d 143; *Thompson v. Thompson,*

235 N.C. 416, 70 S.E. 2d 495; *Weaver v. Morgan,* 232 N.C. 642, 61 S.E. 2d 916; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.

The Supreme Court can review only such questions as are presented by exceptions duly taken and assignments of error duly made. *Wilson v. Charlotte,* 206 N.C. 856, 175 S.E. 306; *Bakery v. Insurance Co.,* 201 N.C. 816, 161 S.E. 554; *Clark v. Henderson,* 200 N.C. 86, 156 S.E. 144. And so, "it is elementary with us that if a litigant would invoke the right of review, he must point out specifically and distinctly the alleged error." *Thompson v. Thompson, supra; S. v. Dilliard, supra.* "Under the rules of practice in this Court, the questions arising on an appeal are those defined by appropriate exceptions taken by the appellant in the Superior Court." *Sprinkle v. Reidsville,* 235 N.C. 140, 69 S.E. 2d 179.

A broadside assignment of error never serves to invite this Court to engage in a voyage of discovery by reviewing the record for the purpose of ascertaining whether the judge committed error at some time and in some way during the progress of the trial. *Rader v. Coach Co., supra; Arnold v. Trust Co.,* 218 N.C. 433, 11 S.E. 2d 307; *S. v. Sutton,* 230 N.C. 244, 52 S.E. 2d 921; *Vestal v. Vending Machine Co.,* 219 N.C. 468, 14 S.E. 2d 427; *S. v. Jones,* 227 N.C. 402, 42 S.E. 2d 465. It is the duty of the appellant, not this Court, to choose those rulings of the court below which he desires to assail as erroneous.

It follows that when it is claimed that findings of fact made by the Industrial Commission and approved by the judge are not supported by competent evidence, the exceptions and assignments of error in relation thereto must specifically and distinctly point out the alleged error. *Rader v. Coach Co., supra; Clodfelter v. Gas Corp.,* 231 N.C. 343, 56 S.E. 2d 600; *Burnsville v. Boone, supra.*

"An assignment of error alone will not suffice. Only an assignment of error bottomed on an exception duly entered in the record will serve to present a question of law for this Court to decide." *S. v. Williams,* 235 N.C. 429, 70 S.E. 2d 1.

"Where there is a single assignment of error to several rulings of the trial court and one of them is correct, the assignment must fail." *Rader v. Coach Co., supra,* and cases cited.

When this record is reviewed in the light of these rules of appellate procedure, established by numerous decisions of this Court, it becomes manifest that neither the appeal from the Industrial Commission to the Superior Court nor the appeal from the Superior Court to this Court presents any substantial questions of law for review.

On their appeal from the hearing commissioner to the full Commission the defendants duly entered exceptions which presented to the full Commission the questions they now seek to have us decide. But on their appeal from the full Commission to the Superior Court they filed no

exception to any finding of fact or conclusion of law made by the full Commission. Neither did they except to the award entered. They were content to give written notice of their appeal to the Superior Court "for errors in law in the review of an award made by the Full North Carolina Industrial Commission . . ."

The appeal, being unsupported by any exceptions, amounted to nothing more than a general broadside exception to the decision and award of the Commission. It did not serve to challenge the sufficiency of the evidence to support the findings of fact of the Commission or any one of them. At most it carried up for review in the Superior Court the single question whether the facts found by the Commission support the award. *Greene v. Board of Education, supra,* and cases cited; *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488; *In re Sams,* 236 N.C. 228, 72 S.E. 2d 421; *Parsons v. Swift & Co.,* 234 N.C. 580, 68 S.E. 2d 296; *Brown v. Truck Lines,* 227 N.C. 65, 40 S.E. 2d 476.

The full Commission found that (1) the claimants suffered injuries by accident which resulted in temporary total disability, (2) the relationship of employer-employee existed between them and the employer at the time of the accident, (3) the accident arose out of and in the course of their employment, and (4) the money paid the claimants during their disability was paid to them as executives and not as employees of the employer.

On this record the judge was bound by the facts thus found. He was not required to and did not review the testimony to determine whether there was any competent evidence to support them. That question was not presented to him for consideration and he properly refrained from making any ruling in respect thereto. He merely concluded that the conclusions of law were supported by the facts found and affirmed the award.

The only exception defendants entered at the hearing in the court below is an exception to the judgment. Their first four assignments of error are directed to alleged errors of law committed by the full Commission. But we do not review the rulings and decisions of the Industrial Commission. That is the prerogative of the Superior Courts. We review decisions of the Superior Court and then only when the alleged error is specifically presented by an assignment of error supported by an exception duly entered or, when the admissibility of evidence is involved, at least by an objection. Ch. 150, S.L. 1949; *Cathey v. Shope,* 238 N.C. 345.

The only assignment of error directed to the judgment entered in the court below is as follows:

"For that his Honor Walter J. Bone erred in concluding as a matter of law, or as a mixed question of law and fact, that either of the plaintiffs was entitled to recover compensation of the defendants or medical expenses from the defendants and in signing a judgment in conformity with

and confirming the award of compensation and medical expense theretofore issued by the North Carolina Industrial Commission and in signing the judgment appealed from."

Under this assignment the defendants discuss in their brief and seek to have us decide these two questions:

(1) "That claimants were executives and not employees, and, the insurance carrier not having been paid a premium on the salary of Worsley, it is not estopped to contend that he was an executive and thus outside the Act."

(2) "That even if it is held that Worsley was not excluded from the Act, he is not entitled to compensation payments since his employer continued to pay his full salary and he had no wage loss."

But the court below made no conclusions of law other than the conclusion that the facts found by the full Commission support its conclusions of law and sustain the award. Whether the claimants were acting as executives or employees at the time of their injuries and whether they have been paid full compensation as employees during the period of their disabilities are questions which were settled by the findings of fact made by the full Commission to which no exceptions were entered.

In the light of these facts we are compelled to affirm. However, it must be understood that our affirmance is exclusively on procedural grounds. Specifically, we do not hold or conclude that there is any competent evidence in the record sufficient to support any one of the three decisive findings of fact made by the Commission. If that question was presented to us, the result might be quite different. Since it is not presented, we withhold decision thereon. Hence this opinion is not to be deemed a precedent on any question other than the rules of appellate procedure upon which we base our decision.

In this connection we call attention to the fact that we do not in this opinion establish any new rule. We simply restate, at the risk of needless, repetition, rules which have heretofore been established by numerous decisions of this Court, for the guidance of those who prosecute appeals to this Court, especially appeals in compensation cases originating before the Industrial Commission.

The judgment entered in the court below is

Affirmed.