IN THE MATTER OF H. O. BOYLES, EXECUTOR OF THE ESTATE OF J. O. BOYLES.

(Filed 14 December, 1955.)

**Executors and Administrators § 3—**

> Findings by the clerk that the executor had neglected, failed and refused to pay to one of the beneficiaries her share of the personal estate and had arbitrarily commingled the funds of the estate with moneys belonging to the beneficiary from the sale of certain articles of personalty belonging to her, *are held* sufficient to justify his order revoking the letters testamentary issued to the executor, G.S. 28-32, and when such findings are supported by evidence, judgment of the court approving the clerk's order of removal will not be disturbed.

APPEAL by H. O. Boyles from *Gwyn, J.,* at October Term, 1955, of STOKES.

This is a proceeding under G.S. 28-32 for revocation of letters testamentary issued by the Clerk of the Superior Court of Stokes County to H. O. Boyles as executor of the estate of J. O. Boyles, deceased, heard below on verified petition of Mrs. Juddie Boyles and response filed by the executor.

The petitioner is the widow of the testator. She is about eighty years of age. The executor is her son.

By Item 2 of the will the testator devised his landed estate, consisting of a farm of about 110 acres, to the widow for life, with direction that the executor lease the property, collect the rents, and pay over the net proceeds to the widow "as she may need same." By Item 4 of the will the testator directed that his personal estate be sold as soon as practicable after his death and that the net proceeds, after certain specifically designated disbursements, be divided equally among his widow and ten other named legatees. The gross personal estate amounted to the approximate value of $11,000.

The Clerk, after hearing the evidence, found facts, among which are these: (1) ". . . that H. O. Boyles, executor of the estate of J. O. Boyles, on or about June 28, 1955, made a partial distribution of the funds derived from the personal estate of J. O. Boyles, paying each of the children of J. O. Boyles the sum of $800.00, but that H. O. Boyles has neglected, failed, and refused to pay to Juddie Boyles her share of said personal estate as provided for under item four of the will . . ., and still refuses to make such payment although demand has been made on him to do so"; and (2) "that H. O. Boyles has arbitrarily mixed and commingled the funds of said estate with monies belonging to Juddie Boyles, from the sale by him of certain articles of personal property belonging to Juddie Boyles."

Upon the facts found, the Clerk entered an order revoking the letters previously issued. To this order the executor excepted, and appealed therefrom to the Superior Court. There, the presiding Judge, after *de novo* hearing, to which neither side objected and in which both sides participated, found additional facts (omitted herefrom as not being pertinent to decision) and entered judgment approving the Clerk's order, "both as to findings of fact and as to his conclusions." From the judgment so entered, the executor appeals to this Court.

*Buford T. Henderson and Dallas C. Kirby for Executor, appellant.*

*W. Reade Johnson and Leonard H. Van Noppen for petitioner, appellee.*

JOHNSON, J.  The statute, G.S. 28-32, authorizes the Clerk of the Superior Court to revoke letters testamentary when "any person to whom they were issued . . . has been guilty of default or misconduct in due execution of his office . . .."

The facts found by the Clerk are sufficient to justify the order of revocation entered by him and approved both as to findings and conclusions by the presiding Judge. See *In re Sams*, 236 N.C. 228, 72 S.E. 2d 421, and cases there cited. Our examination of the record leaves the impression that the crucial findings of fact are supported by the evidence.

The judgment below is

Affirmed.