STATE OF NORTH CAROLINA v. JERRY M. WILLIAMS

No. 7129SC483

(Filed 4 August 1971)

1. Criminal Law § 87— allowance of leading questions by solicitor

The trial court did not err in allowing the solicitor to cross-examine by leading questions a State's witness whose testimony in court conflicted with his prior statements to a deputy sheriff.

2. Criminal Law § 101— permitting solicitor to confer privately with witness — change in witness' testimony

Where the testimony of a State's witness conflicted with his prior statements to a deputy sheriff implicating defendant in the crimes

charged, and the witness admitted in the absence of the jury that he had implicated defendant, but stated that "now he could not say for sure," the trial court did not err in calling the solicitor to the bench for a conference, and in allowing the solicitor to confer privately with the witness, after which the witness returned to the stand in the presence of the jury and testified consistently with the statements he had made before trial.

APPEAL by defendant from *Beal, Special Judge,* 15 March 1971 Session of Superior Court held in RUTHERFORD County.

Defendant appeals from judgment of imprisonment imposed upon verdicts of guilty to charges of breaking and entering and larceny.

In statements made to a deputy sheriff before trial, a State's witness implicated defendant in the offenses charged. The witness' testimony in court conflicted with his prior statements and the solicitor requested permission to cross-examine him. The court excused the jury and permitted the solictor to cross-examine the witness in the absence of the jury. The witness admitted having previously implicated defendant, but stated that "now he could not say for sure."

At the conclusion of the witness' testimony in the absence of the jury, the court called the solicitor to the bench for a conference. The solicitor then summoned the witness from the stand, and the witness, the solicitor, and the deputy left the courtroom for about ten minutes. Defendant objected. The court overruled the objection stating that in its discretion it would allow the solicitor to talk with his witness. The witness returned to the stand in the presence of the jury, contradicted his previous testimony, and testified consistently with the statements he made before trial.

*Attorney General Morgan by Staff Attorney Davis for the State.*

*George R. Morrow for defendant appellant.*

GRAHAM, Judge.

Defendant assigns as error: (1) "[t]he action of the trial court in allowing the Solicitor to cross-examine his own witness," and (2) "the action of the Trial Judge in allowing and encouraging the Solicitor to take his own witness from the Courtroom for a 10 minute conference and return him to the stand for fur-

ther testimony after the Solicitor had completed his initial examination. . . . "

Defendant cites no authority in support of either assignment of error but argues generally that the court indicated its favoritism toward the State by allowing the solicitor to cross-examine the State's witness; that the court entered into the prosecution of the case by conferring with the solicitor; and that, the solicitor's conference with his witness during the trial constituted an "improper" and "unethical" procedure.

[1] We find these arguments unpersuasive. The allowance of leading questions is a matter entirely within the discretion of the trial judge and his rulings will not be reviewed on appeal in the absence of a showing of an abuse of discretion. Stansbury, N. C. Evidence 2d, § 31. Defendant points to no abuse of discretion on the part of the trial judge and we find none.

[2] The record does not show what was said during the conference between the court and the solicitor, nor does it show what, if anything, transpired between the deputy, the solicitor and the witness during their brief absence from the courtroom. A trial court is given large discretionary power as to the conduct of a trial, and in the exercise of this discretion may permit counsel to confer privately with a witness, even while the witness is on the stand. *Rooks v. Bruce*, 213 N.C. 58, 195 S.E. 26.

Both of defendant's assignments of error are overruled.

No error.

Judges BROCK and VAUGHN concur.