JAMES R. SANDERS, ADMINISTRATOR, OF THE ESTATE OF
WILLIE HILL, DECEASED v. AARON GEORGE.
AND
JOHN W. TILLERY, ADMINISTRATOR OF THE ESTATE OF
SUSIE GREEN, DECEASED v. AARON GEORGE.

(Filed 27 February 1963.)

1. Automobiles § 41; Negligence § 22—

    In actions for wrongful deaths, evidence of defendant's injuries in the same accident causing intestates' deaths is incompetent.

2. Evidence § 15—

    Evidence of circumstances which are entirely irrelevant to the controverted facts in issue is incompetent.

**3. Death § 6—**

    Evidence of prior bad and questionable conduct on the part of intestates which has no reasonable relationship to the crucial question of the fair and just compensation for the pecuniary injuries resulting from the deaths, is incompetent.

APPEAL by plaintiffs from *Copeland, S. J.*, August-September Term, 1962, CARTERET Superior Court.

The two civil actions entitled above were instituted in the Superior Court to recover damages for the wrongful death of the intestates who were killed while riding as guest passengers in the Buick automobile driven by the defendant. The cases were consolidated and tried together. Each plaintiff alleged, among others, negligent acts of speed of 80 miles per hour proximately causing the wreck and the death of Willie Hill and Susie Green.

A witness in the defendant's automobile at the trial fixed the speed at 65-70 miles per hour. The investigating officer who interrogated the witness after the wreck, said he fixed the speed as high as 80 miles per hour. The defendant testified the speedometer to his Buick was broken. However, he did not give any testimony as to his speed. The evidence indicated the vehicle came to rest 560 feet from the point where it first turned over. For the final 410 feet, marks were on the shoulder of the road.

Issues of negligence and damages were submitted to the jury. In each case the jury answered the issue of negligence, yes; and the issue of damages, none. From judgments that the plaintiffs recover nothing, they appealed.

*Harvey Hamilton, Jr., for plaintiffs, appellants.*
*Wheatly & Bennett by Thomas S. Bennett for defendant appellee.*

HIGGINS, J. The trial took place 20 months after the accident. The defendant testified as a witness in his own behalf. He was permitted to testify, over objection, that he was seriously injured in the accident, his hip was dislocated, his ribs and an arm were crushed; that he is still undergoing treatment by his doctor; and that he lost his job by reason of the injuries sustained in the accident.

The evidence of the defendant's injuries was inadmissible and should have been excluded. His injuries did not excuse his negligence and did not satisfy or tend to diminish the pecuniary loss to the estates of those who were killed as a result of his negligence. "There is a fundamental postulate of evidence that circumstances which are irrelevant to the existence or nonexistence of the disputed facts are not

admissible." *Godfrey v. Power Co.*, 190 N.C. 24, 128 S.E. 485; North Carolina Law of Evidence by Stansbury, §22, p. 138.

The plaintiff introduced evidence that Willie Hill was about 70 years of age; that his health was good for a man of that age. Although retired, he recieved two checks each month from the government. The amount was not given. There was evidence Susie Green was about 35 years old, in good health; that she did housework and received approximately $25.00 per week. Her daughter testified: "During tobacco season, . . . she . . . made around $35.00 or $40.00 a week. My mother bought food and groceries for us."

Since the cases must go back for a new trial, we call attention to the extreme length the court permitted defense counsel to go in exposing to the jury in detail the many shortcomings of the intestates. For example: a police officer was permitted to testify he saw Susie Green between Beaufort and Morehead City about two o'clock at night during a snowstorm; that she was drunk and claimed to be looking for her daughter. The details of bad and questionable conduct on the part of the intestates were paraded before the jury. The inquiry covered court proceedings as well as private behavior. The result seems to have carried the jury too far from the critical question involved; that is, the fair and just compensation for the pecuniary injuries resulting from death. *Rea v. Simowitz*, 226 N.C. 379, 38 S.E. 2d 194.

For the reasons assigned, the plaintiffs are entitled to go before another jury on all issues.

New trial.