MARION RUTH PEARCE v. BEULAH P. BARHAM, ADMINISTRATRIX OF CALVIN W. BARHAM, DECEASED, AND DOLLY BARHAM.

(Filed 6 July, 1966.)

1. **Evidence § 15—**

    The test of the relevancy of evidence is whether it has a bearing on the issues joined by the pleadings and tends to aid the jury in finding the proper answer to them.

2. **Same—**

    Evidence of tenuous relevancy should be excluded when it has no direct bearing upon the issues and is of little probative force in aiding in the

ascertainment of the crucial facts, but has great likelihood of playing upon the passions and prejudices of the jury.

**3. Automobiles § 37—**

In an action by a passenger against the personal representative of the deceased driver to recover for injuries sustained when the driver lost control of the vehicle and ran off the road, testimony of witnesses tending to show that plaintiff, a married woman living with her husband, had been guilty of immoral sexual relations with the driver, *held* irrelevant to the issue of contributory negligence, and cannot be held competent as tending to show that plaintiff was not a captive in the car when there is no allegation and no issue raised that plaintiff was other than a passenger.

**4. Evidence § 58—**

Where defendant cross-examines plaintiff with respect to her immoral relationship with intestate for the purpose of impeaching her testimony as a witness, defendant is bound by her answers in regard to this collateral matter, and may not offer testimony of other witnesses to contradict plaintiff in regard thereto.

**5. Evidence § 11— Introduction by opposing party of evidence of transaction between plaintiff and decedent, opens door to plaintiff's testimony in regard thereto.**

In this action by a passenger against the personal representative of the deceased driver to recover for injuries sustained when the driver lost control of the vehicle and ran off the road, defendant offered in evidence the adverse examination of another passenger, taken by plaintiff but not introduced in evidence by plaintiff, tending to show that plaintiff, immediately prior to the accident, was slapping the driver, fighting with him, and attempting to grab the ignition key. *Held:* Even conceding the adverse examination was relevant as bearing upon defendant's contention of contributory negligence, by introducing the examination defendant opened the door to the extent that plaintiff was entitled to be heard and to give her version of the matter. G.S. 8-51.

MOORE, J., not sitting.

APPEAL by plaintiff from *Hall, J.,* December, 1965 Regular Civil Session, WAKE Superior Court.

The plaintiff instituted this civil action against the personal representative of Calvin W. Barham and against Dolly Barham to recover damages for the personal injuries she sustained while riding as a passenger in a 1956 Ford automobile owned and operated on the public highway by Calvin W. Barham. Specifically, the plaintiff alleged she was riding as a passenger in the Ford being driven northwardly on rural paved road No. 2224 in Wake County; that the driver was operating the vehicle at a dangerous and excessive rate of speed without maintaining proper control, and that he negligently permitted the vehicle to run off the highway, to strike a mail box, to cross a ditch and to turn over in a field, killing the driver

and seriously and permanently injuring the plaintiff. The time was near midnight, on February 19, 1964. She alleged she sustained a broken back; a punctured spinal cord, causing permanent paralysis of the legs and of the elimination processes of the body; the sum total of which caused her to lose her former good health and to become permanently and totally disabled.

The plaintiff alleged that the defendant's intestate was the owner and driver of the Ford at the time of the accident but he was also at the time acting as the agent of Dolly Barham who was made a party defendant.

The personal representative of Calvin W. Barham filed answer in which she alleged on information and belief that her husband was not the driver of the Ford involved in the wreck; but as a conditional and further defense, she alleged if he were shown to be the driver, that the three occupants of the car — the plaintiff, the defendant's intestate, and Dolly Barham — were under the influence of intoxicants to the extent that all were guilty of negligence, and the plaintiff especially so, because she voluntarily continued to be a passenger in a vehicle being operated by a drunken driver; that plaintiff and the driver were engaged in a fight, which caused the driver to lose control of the vehicle; and because of her contributory negligence, the plaintiff should not be permitted to recover.

The defendant Dolly Barham denied ownership of, or responsibility for, the operation of the vehicle, or that the driver was his agent.

After the pleadings were filed, the plaintiff adversely examined the defendant, Dolly Barham, concerning the operation of the vehicle prior to and at the time of the accident. At the trial the plaintiff testified and offered medical evidence of the nature and extent of her injuries which resulted in her permanent and total disability; that prior to the accident she was 28 years of age, was in excellent health; that as a result of the accident she is now practically helpless; that her hospital and medical bills have already amounted to approximately $4,000.00. As a witness in her own behalf, she undertook to describe the acts and conduct of each of the occupants of the vehicle just before and at the time the vehicle left the road and wrecked. The court refused to admit the evidence on the ground it involved her personal transactions with the deceased.

The plaintiff offered a witness, Albert Lee Jeans, who testified that a short distance from the scene of the accident, and just before it occurred, he saw a Ford which he knew belonged to Calvin W. Barham parked on the side of the road; that the time was after eleven o'clock at night; that he stopped for the purpose of ascertaining if the driver needed help. The door of the driver's side of

the vehicle was open. Calvin Barham and the plaintiff were standing a few feet in the rear of the Ford. Calvin had a pistol in one hand and was trying to force the plaintiff back in the vehicle. The witness asked Calvin whether he was having car trouble. Calvin replied, "No, female trouble." The witness continued on in the direction of Fowler's Crossroads at a speed of 50-55 miles per hour when Calvin, with the plaintiff in the middle and Dolly Barham on the outside of the front seat, passed him. The witness saw the Ford and observed it until it was at or near Fowler's Crossroads intersection where the wreck occurred. In his opinion the Ford was traveling 90 miles per hour.

The plaintiff rested without introducing the adverse examination of Dolly Barham. The court entered a judgment of involuntary nonsuit as to him. The plaintiff did not appeal. The court denied the motion to dismiss as to the defendant's intestate. The personal representative, over objection, read to the jury the entire adverse examination of Dolly Barham. At the time Dolly Barham was in court and available as a witness. Here quoted is a part of Dolly Barham's adverse examination:

> "She was slapping him in the face. She was jerking and pulling him. She was messing with him in the car and when she started slapping him in the face and pulling him, he didn't do anything. He just kept driving. That wasn't too far before we got to where the wreck happened. That course of conduct on her part kept up until just before he got to the Crossroads before he had the wreck. She kept up that conduct. Just before we got to the Crossroads. It is not over two hundred feet to the Fowler's Crossroads from the point where I say where Calvin had not slowed down, and I said, slow down, horse; and he said, I take care of you, Uncle Dolly. At that time she was fighting at him with her hands. She was high, she wasn't drunk. She was trying to get hold of the keys or something. . . . Whatever she was doing to him, she was doing it right up to the moment he lost control of the car, before we had the wreck. Fighting with the hands, grabbing him, jerking him, slapping him in the face and jerking at the keys."

The defendant called as witnesses a daughter and a son, children of the administratrix and her intestate. These witnesses testified at great length and in much detail as to the intimate relationship existing between the plaintiff and the intestate prior to the accident. Defense counsel asked the daughter this question: "You know the plaintiff in this action — Marion Pearce, do you?" Answer: "Yes, sir, I knew of her, I didn't know her until . . . just knew her

since she started going with my father." Plaintiff's motion to strike was denied. Question: "Do you know where Marion Pearce spent the week before the accident?" She was permitted to answer: "Yes, down at my father's." The son, also as a defendant's witness, was asked this question: "On the week previous to the date of the accident . . . who, if anyone, was living there . . . besides yourself and your father, Calvin W. Barham?" Answer: "Mrs. Pearce." Motion to strike denied. The son testified that he, his father, and the plaintiff spent the night prior to the accident in his father's home. Over objection, the son was permitted to say that the plaintiff slept with his father. The foregoing and much other evidence of like import was offered by the defendants and admitted over plaintiff's objection.

After the defendant had rested, the plaintiff returned to the stand and sought to testify that she did not interfere with Calvin W. Barham's operation of the vehicle before the accident. The defendant objected upon the ground that she was incompetent because of the dead man statute. The court sustained the defendant's objection. "The plaintiff excepts to the sustaining of the objection and to the court's ruling that the plaintiff could not testify as to what took place in the car immediately before the wreck, even after the defendant offered the adverse examination of Dolly Barham."

Plaintiff's counsel asked the plaintiff this question: "Mrs. Pearce, how often, if at all, did you strike Calvin Barham in the car on the evening of February 19, 1964?" "Plaintiff excepts to the sustaining of the objection and to the court's refusal to allow the plaintiff to testify as to her relationship to the accident."

It developed during the hearing that Dolly Barham has a civil action pending against the personal representative of Calvin W. Barham to recover for the injuries which he received in the same accident.

The court submitted issues of negligence, contributory negligence, and damages. The jury answered, finding the defendant's intestate was guilty of negligence and the plaintiff was guilty of contributory negligence. From the judgment dismissing the action, the plaintiff appealed.

*Everett, Creech & Hicks by Robinson O. Everett for plaintiff appellant.*

*Dupree, Weaver, Horton, Cockman & Alvis by F. T. Dupree, Jr., Jerry S. Alvis for defendant appellees.*

HIGGINS, J. Three issues were raised by the pleadings: (1) Did the plaintiff suffer injury and damage as a result of the defend-

ant's negligence? (2) Did the plaintiff, by her own negligence, contribute to her injury? (3) What damage, if any, is the plaintiff entitled to recover? Only evidence which had bearing on these issues and tended to aid the jury in finding the proper answers to them should have been admitted at the trial. Rules of evidence furnish the guidelines by which the presiding judge shall determine what shall be admitted to the jury for its consideration in finding the answers to the issues. *Gurganus v. Trust Co.*, 246 N.C. 655, 100 S.E. 2d 81; *DeBruhl v. Highway Commission*, 245 N.C. 139, 95 S.E. 2d 553.

The law recognizes that evidence, when of slight value, may be excluded because the sum total of its effect is likely to be harmful. Stansbury states the rule: "Even relevant evidence may, however, be subject to exclusion where its probative force is comparatively weak and the likelihood of its playing upon the passions and prejudices of the jury is great." N. C. Evidence, 2d Ed., § 80, p. 175. "There is a fundamental postulate of evidence that circumstances which are irrelevant to the existence or nonexistence of the disputed facts are not admissible . . . The details of bad and questionable conduct . . . were paraded before the jury . . . The result seems to have carried the jury too far from the critical question involved; that is, the fair and just compensation for the pecuniary injuries resulting from death." *Sanders v. George*, 258 N.C. 776, 129 S.E. 2d 480; *Electric Co. v. Dennis*, 259 N.C. 354, 130 S.E. 2d 547; *Godfrey v. Power Co.*, 190 N.C. 24, 128 S.E. 485.

The court, over objection, permitted the defendant to introduce evidence of the son and daughter which paramounted issues not raised by the pleadings. The harmful effect is obvious. The relevant facts in this case are those which bear on the intestate's negligence, the plaintiff's contributory negligence, and the plaintiff's damages.

By introducing evidence tending to show the intestate forced the plaintiff to re-enter the Ford just before the accident, the defendant contends that evidence of prior associations and relationships became admissible as tending to show the plaintiff was not a captive at the time of the accident. The weakness in the argument is two-fold: (1) There is no allegation and no issue raised that the plaintiff was other than a passenger. (2) Prior conduct disassociated from the operation of the vehicle was not the test by which to determine negligence or contributory negligence in causing the wreck. The plaintiff was married and living with her husband. The intestate and his personal representative were separated. The evidence tended to permit the jury to try the parties rather than the issues raised by the pleadings.

Conceding the defendant was within her rights in cross-examining the plaintiff with respect to her relationships with the intestate on the ground that it tended to impeach her testimony as a witness, nevertheless these were collateral matters, and her answers were conclusive. "Ordinarily the answer of a witness on cross-examination concerning collateral matters for purposes of impeachment is conclusive and may not be contradicted by other evidence." *In Re Gambell,* 244 N.C. 149, 93 S.E. 2d 66; *State v. Roberson,* 215 N.C. 784, 3 S.E. 2d 277.

The defendant may not contend the evidence of the son and daughter was admissible to contradict the plaintiff on the collateral subject of prior relationships of the parties. The only defense to an action for damages resulting from actionable negligence is the contributory negligence of the injured party which was a participating cause of the accident and the resulting injury.

The plaintiff's counsel contends the court committed error in permitting the defendant to read to the jury the adverse examination of Dolly Barham taken by the plaintiff when she was attempting to find out whether the intestate was Dolly Barham's agent at the time of the accident. The grounds of the objection are: (1) Dolly Barham was no longer a party. (2) The remaining defendant was not present and did not participate in the adverse examination. (3) The plaintiff did not offer any part of the examination. (4) Dolly Barham at the time was present in court and available as a witness.

Conceding, without deciding, the defendant, under the circumstances, had the right to use the adverse examination, thereby presenting to the jury Dolly's version as to the fight going on between the plaintiff and the driver, and her efforts to get the keys from the switch of the speeding automobile, by so doing, she opened the door, giving the plaintiff the right to present her version of the episode to the jury. Having read the adverse examination to the jury, the defendant is estopped to deny its admissibility. "The law that an interested survivor to a personal transaction or communication cannot testify with respect thereto against the dead man's estate is intended as a shield to protect against fraudulent and unfounded claims. It is not intended as a sword with which the estate may attack the survivor . . . In offering the evidence of Howard Carswell and objecting to the evidence of Dennis Greene, the plaintiff sought to pick up the shield after having first used the sword. This the law does not permit." *Carswell v. Greene,* 253 N.C. 266, 116 S.E. 2d 801. The deceased's personal representative testified. She offered the adverse examination of Dolly Barham as to the acts and conduct both of the deceased and of the plaintiff up to and including the accident. The defendant opened the door to the extent the plain-

tiff was entitled to be heard and to give her version of the transaction described by Dolly Barham. G.S. 8-51; *McCurdy v. Ashley,* 259 N.C. 619, 131 S.E. 2d 321; *Hayes v. Ricard,* 244 N.C. 313, 93 S.E. 2d 540; *Batten v. Aycock,* 224 N.C. 225, 29 S.E. 2d 739; *Sumner v. Candler,* 92 N.C. 634. "There is nothing inequitable in requiring that the opposing testimony to that given in evidence by the other side should be limited to the same transaction or communication." *Walston v. Coppersmith,* 197 N.C. 407, 149 S.E. 381.

Because of the errors here discussed, we conclude the plaintiff should have a

New trial.

MOORE, J., not sitting.