STATE OF NORTH CAROLINA v. WILLIAM THEODORE WITHERS
No. 68SC147

(Filed 14 August 1968)

**1. Criminal Law § 91— continuance — review of court's discretion**

Granting or denying a motion for continuance rests in the sound discretion of the presiding judge and his decision will not be disturbed on appeal, except for abuse of discretion or a showing the defendant had been deprived of a fair trial.

**2. Criminal Law § 91— denial of continuance — review of discretion**

Defendant moved for continuance on the ground that the solicitor's action in arraigning him in the presence of the prospective jurors on six separate criminal cases and then electing to try him on only four of the cases resulted in impugning his character in the eyes of the jury. The trial court denied the motion, and on appeal defendant contends that the denial amounted to an abuse of discretion and deprived him of a fair trial. HELD: The defendant was not prejudiced by the court's action, since (1) all six of the criminal cases against him arose out of the same connected series of events, the jury thus hearing all of the evidence in any event, and since (2) the defendant testified in his own behalf and admitted on cross-examination he had been previously convicted for a number of much more serious offenses than the two non-felonious charges which were dropped by the solicitor.

**3. Rape § 18— assault on female with intent to commit rape — instruction — failure to define "carnal knowledge"**

In a prosecution for assault on a female with intent to commit rape, there is no error in the failure of the trial judge, absent a special request, to define the words "carnal knowledge."

**4. Criminal Law § 113— instructions — necessity to define words "carnal knowledge"**

Jurors are drawn from the body of the people and are presumed to understand the meaning of English words as they are ordinarily used, and in the absence of a special request, the court is not required to define the words "carnal knowledge."

APPEAL by defendant from *Beal, S.J.,* 29 January 1968 Schedule "D" Criminal Session of MECKLENBURG Superior Court.

Defendant was arraigned on six separate criminal cases charging him with separate offenses all of which arose out of the same series of events. In open court and in the presence of the prospective jurors, defendant entered pleas of not guilty to each offense. Following the noon recess and in the absence of the prospective jurors, the solicitor announced he would elect not to place defendant on trial in two of the cases but would try him on the remaining four. Defendant objected and moved for a continuance. The motion was denied. The jury was then selected and impaneled, and after hearing evidence

for the State and the defendant, found defendant guilty in three of the cases. Judgment of nonsuit was entered in the fourth case. From judgment imposing prison sentences on defendant in the three cases in which he had been found guilty, defendant appeals.

*T. W. Bruton, Attorney General, Andrew A. Vanore, Jr., Staff Attorney, for the State.*

*Nivens and Brown, by Calvin L. Brown, for the defendant appellant.*

PARKER, J.

[1, 2] Defendant's principal assignment of error is directed to the trial court's action in denying his motion for a continuance. "Granting or denying a motion for continuance rests in the sound discretion of the presiding judge and his decision will not be disturbed on appeal, except for abuse of discretion or a showing the defendant has been deprived of a fair trial." *State v. Ipock,* 242 N.C. 119, 86 S.E. 2d 798; *State v. Birchfield,* 235 N.C. 410, 70 S.E. 2d 5. Defendant's motion for continuance was on the grounds that the solicitor's action in arraigning him in the presence of the prospective jurors on six separate criminal cases and then electing to try him on only four of the cases, resulted in impugning his character in the eyes of the jury even before trial of the cases against him actually commenced. He contends that under these circumstances the denial by the trial judge of his motion for continuance amounted to an abuse of discretion and resulted in depriving him of a fair trial. We do not agree. The defendant was in no way prejudiced by the court's refusal to grant him a continuance. All six of the criminal cases against him arose out of the same connected series of events, plenary evidence of which was properly presented to the jury in the trial of the four cases on which the solicitor elected to try him. The jury heard all of the same evidence in any event. Furthermore, in this case the defendant took the stand in his own defense, and on cross-examination admitted he had been previously convicted for a number of much more serious offenses than the two nonfelonious charges presented to the prospective jurors at the time defendant was arraigned and which were later dropped from this particular trial. For example, defendant admitted that he had been convicted of armed robbery, larceny, assault on a female, temporary larceny of an automobile, carrying a concealed weapon, and three cases of assault with a deadly weapon with intent to kill. In view of these admissions, defendant could hardly have been prejudiced in the eyes of the jurors by having been arraigned and having pleaded

not guilty to the two less serious offenses for which the solicitor elected not to try him at the time. There was no error in refusing his motion for continuance.

[3, 4]    One of the cases on which defendant was tried and convicted arose on a bill of indictment charging him with the crime of assault on a female with intent to commit rape. The court, in charging the jury in this case, on several occasions used the words "carnal knowledge." Defendant assigns as error that the court failed to define adequately these words. Examination of the entire charge reveals that the judge fully declared and explained the law arising on the evidence given in the case, and the jury was given a completely adequate explanation of all elements of the offense for which defendant was being tried. Jurors are drawn from the body of the people and are presumed to understand the meaning of English words as they are ordinarily used. In this case defendant made no special request that the trial court define the words "carnal knowledge" for the jury. The North Carolina Supreme Court dealt with a similar problem in the case of *State v. Davenport*, 225 N.C. 13, 33 S.E. 2d 136, in which the Court held that it was not error for the trial judge, absent a special request, to define the words "lewdly and lasciviously cohabit" in his charge to the jury. In that case, Seawell, J., speaking for the Court said:

> "Not infrequently, especially in respect to the statute law, the language used is so simple, comprehensive and self-definitive that the trial court could find no words more appropriate than those used in the statute in which to couch an explanation. The Court finds itself compelled, after searching through synonyms and substitute phrases, to return to the well considered words of the law as containing the more enlightening expression. . . . What situations demand an explanation of the law through proper instruction to the jury without special prayer, and what explanations may be regarded as matters of subordinate elaboration, must be referred to the history of the subject as developed in our Reports, rather than to any fixed rule. New situations must be dealt with as they arise. We can only say here that the statute itself employs simple and understandable terms which directly define the offense, and we think the instruction was comprehensible. If the explanation given by the Court in these simple terms was not thought to be sufficient, it became the privilege of defense counsel to ask for further instructions."

Other instances in which the Supreme Court has held it was not

error for the trial judge, absent a special request, to define words or phrases for the jury, may be found in: *State v. Holland,* 216 N.C. 610, 6 S.E. 2d 217 (the words "feloniously" and "willfully" as used in an indictment for murder, where the court had otherwise fully charged the jury on the law of murder); *State v. Webster,* 218 N.C. 692, 12 S.E. 2d 272 (the words "gambling" and "gambling device"); *State v. Jones,* 227 N.C. 402, 42 S.E. 2d 465 (the word "attempt" in an indictment for an attempt to commit a highway robbery); *State v. Plemmons,* 230 N.C. 56, 52 S.E. 2d 10 (the words "with intent to kill," the court saying: "There is no point in elaborating the obvious."); *State v. McNeely,* 244 N.C. 737, 94 S.E. 2d 853 (the words "attempt to commit robbery"). The trial court's charge considered as a whole was clear, complete, and comprehensive, and there was no error in failing to elaborate a definition of the words "carnal knowledge," absent any special request from defendant's counsel to do so.

Defendant's remaining assignment of error has been carefully considered and is found to be without merit.

In the entire trial we find

No error.

MALLARD, C.J., and BROCK, J., concur.