STATE OF NORTH CAROLINA v. JOHNNY MACK THACKER

No. 6926SC253

(Filed 18 June 1969)

**1. Safecracking— instructions — G.S. 1-180**

In a prosecution for safecracking, G.S. 14-89.1, instructions of the trial court *are held* to comply with G.S. 1-180 in declaring and ·explaining the law arising on the evidence.

**2. Criminal Law § 113— instructions — application of law to evidence**

The trial judge is not required to instruct the jury with any greater particularity upon any element of the offense than is necessary to enable the jury to apply the law with respect to such element to the evidence bearing thereon.

**3. Safecracking— punishment**

In prosecution for safecracking, sentence of imprisonment of not less than forty-eight nor more than fifty years is within statutory limits.

APPEAL by defendant from *Falls, J.*, at the 10 February 1969 Schedule B Criminal Session of MECKLENBURG Superior Court.

Defendant was tried under a bill of indictment providing as follows:

"The Jurors for the State upon their oath present, that Johnny Mack Thacker late of the County of Mecklenburg on the 29th day of December 1968 with force and arms, at and in the county

aforesaid, unlawfully, wilfully and feloniously did, by the use of an ax, pick and crow bar force open a safe of Carolina Nurseries, Incorporated, a corporation, N. Tryon Street, Charlotte, North Carolina, used for storing chattels, money and other valuables against the form of the statute in such case made and provided and against the peace and dignity of the State."

The State's evidence is summarized as follows: On and before 29 December 1968, George Coulter operated Carolina Nurseries, Inc., on N. Tryon Street in or near the City of Charlotte. One portion of the building was used for office purposes and an adjoining room was used for storing tools of various types. A medium-sized iron safe, with combination dial and handle, was kept in the office and business records and a small amount of money were kept in the safe. When Coulter left the place of business on Saturday, 28 December 1968, at approximately 5:00 p.m., the safe was locked and the building was secured. On the following Sunday morning between nine and ten, Coulter returned to the place of business for purpose of checking the heat in the greenhouse. He observed that the door leading from the outside to the office was partially open; as he further opened the door, he observed the safe lying on the floor with the door beaten off and the defendant was leaning over in the safe. Close by were a five-pound sledge hammer, two hacksaws, and a pick belonging to Carolina Nurseries, Inc., which tools had been removed from the tool room. Various papers that had been removed from the safe were scattered over the office floor. Coulter went across the street and called police who immediately went to the scene but could not find the intruder. He was later arrested in the area and identified by Coulter.

The defendant offered no evidence. The jury found him guilty as charged and from a prison sentence of not less than forty-eight nor more than fifty years, defendant appealed.

*Attorney General Robert Morgan and Staff Attorney Dale Shepherd for the State.*

*William L. Pender for defendant appellant.*

BRITT, J.

[1]    In his sole assignment of error, defendant contends that the trial judge did not properly "declare and explain the law arising on the evidence" and did not "state the evidence to the extent necessary to explain the application of the law thereto" as required by G.S. 1-180.

G.S. 14-89.1 under which defendant was indicted provides as follows:

"Any person who shall by the use of explosives, drills, or other tools unlawfully force open or attempt to force open or 'pick' the combination of a safe or vault used for storing money or other valuables, shall, upon conviction thereof, receive a sentence, in the discretion of the trial judge, of from ten years to life imprisonment in the State penitentiary."

[2]    Among other things, G.S. 1-180 provides that the trial judge "shall declare and explain the law arising on the evidence in the case." As was said by Moore, J., in *State v. Spratt*, 265 N.C. 524, 144 S.E. 2d 569, "* * * the trial judge is not required to instruct the jury with any greater particularity upon any element of the offense than is necessary to enable the jury to apply the law with respect to such element to the evidence bearing thereon."

[1]    A review of the instructions to the jury in this case discloses that they included a summarization of the charge as contained in the bill of indictment, a recapitulation of the evidence, an explanation of the effect of a not guilty plea and the presumption of innocence, a reading of the statute, and the following:

"Therefore, members of the jury, if the State of North Carolina has satisfied you from the evidence in this case and beyond a reasonable doubt that * * * the defendant by the use of tools did unlawfully force open the safe belonging to Carolina Nurseries, Incorporated, wherein money or valuables were being kept, if you find that to be the facts in this case from the evidence and beyond a reasonable doubt, it would be your duty to return a verdict of guilty as charged against this defendant. If you fail to so find, it would be your duty to render a verdict of not guilty or if upon a fair and impartial consideration of all the facts and circumstances in the case, you have a reasonable doubt as to his guilt, it would be your duty to give him the benefit of this doubt and to acquit him."

Considering the instructions contextually, and particularly the portion above-quoted, together with the facts and circumstances in this case, we hold that the charge complied with G.S. 1-180 and the assignment of error related thereto is overruled.

[3]    The defendant received a fair trial, free from prejudicial error. Although a young man, the record reveals that he had been convicted of serious offenses in three different states and was an escaped prisoner from South Carolina at the time of the offense complained of here. The sentence imposed was within statutory limits.

No error.

MALLARD, C.J., and PARKER, J., concur.