LUCY G. BRYANT, Administratrix of the Estate of WILLIE BRYANT
v. WILLIAM D. BALLANCE

No. 717SC496

(Filed 15 December 1971)

1. Evidence § 11— wrongful death action — evidence relating to intestate's knowledge of defendant's intoxication — effect of Dead Man's Statute

   In an action for the wrongful death of plaintiff's intestate who was killed while riding in an automobile operated by the defendant, defendant's testimony that the intestate knew of defendant's intoxication but continued to ride with him was rendered admissible, despite the Dead Man's Statute, when the plaintiff's own witness testified that the defendant was not intoxicated, such testimony opening the door for defendant's version of the matter. G.S. 8-51.

2. Evidence § 44— nonexpert opinion testimony — evidence of intoxication

   A lay witness is competent to testify whether, in his opinion, a person was drunk or sober on a given occasion on which he observed the person; the conditions under which the witness observed the person, and the opportunity to observe him, go to the weight, not the admissibility, of the testimony.

3. Automobiles § 94— wrongful death action — intoxication of driver — contributory negligence of intestate

   In an action for the wrongful death of plaintiff's intestate who was killed while riding in an automobile driven by the defendant, evidence that the intestate knew of defendant's intoxication but continued to ride with him was properly submitted to the jury on the issue of the intestate's contributory negligence.

APPEAL by plaintiff from *Tillery, Judge,* 1 March 1971 Session of WILSON Superior Court.

This in an action for wrongful death of plaintiff's intestate who was killed allegedly while riding as a passenger in an automobile driven by defendant. Plaintiff alleges that defendant, while operating his automobile on U. S. Highway 301 in Wilson County, ran off the road, back across the road, and overturned with resultant fatal injuries to her intestate.

In his answer, defendant denied that he was the operator of the car. He further alleged that at the time of the accident he was under the influence of intoxicants and that if he was driving, plaintiff's intestate knew of defendant's intoxication at the time intestate voluntarily entered defendant's car, made no protest as to defendant's condition, and continued to ride

with defendant with full knowledge of his condition; therefore, intestate was contributorily negligent.

Plaintiff's evidence tended to support her allegations. It further tended to show that neither intestate nor defendant was under the influence of any intoxicant. Defendant's evidence showed that both men were intoxicated shortly before the accident.

The jury answered the issue of negligence in favor of plaintiff but answered the issue of contributory negligence in favor of defendant. From judgment denying recovery, plaintiff appealed.

*Farris and Thomas by Allen G. Thomas for plaintiff appellant.*

*Narron, Holdford and Babb by William H. Holdford for defendant appellee.*

BRITT, Judge.

[1] In her first assignment of error, plaintiff contends that the court erred in admitting certain evidence by defendant for that the evidence violated G.S. 8-51, the "Dead Man's Statute." Assuming, arguendo, that the challenged testimony did violate the statute, it was rendered admissible when the sister of intestate, as plaintiff's witness, testified that defendant was driving and that he was not intoxicated. This opened the door for defendant's version of the matter. *Pearce v. Barham,* 267 N.C. 707, 149 S.E. 2d 22 (1966) ; *Carswell v. Greene,* 253 N.C. 266, 116 S.E. 2d 801 (1960). The assignment of error is overruled.

[2] Plaintiff alleges error in the admission of opinion testimony of the witness Barnes as to the intoxication of defendant shortly before the accident. Barnes testified that he went to intestate's home around 11:45 p.m. with intestate and defendant; that while there he and defendant, as well as others, drank beer and whiskey; that he got drunk and went to sleep on the front porch of intestate's sister's house; that he saw defendant early the next morning (shortly before the accident) ; that he had occasion to observe defendant during the course of the night and the next morning and, in his opinion, defendant was intoxicated that morning.

**Bryant v. Ballance**

We hold that the evidence was admissible. A lay witness is competent to testify whether, in his opinion, a person was drunk or sober on a given occasion on which he observed the person. The conditions under which the witness observed the person, and the opportunity to observe him, go to the weight, not the admissibility of the testimony. *State v. Dawson,* 228 N.C. 85, 44 S.E. 2d 527 (1947). See also *State v. Mills,* 268 N.C. 142, 150 S.E. 2d 13 (1966). Plaintiff contends that witness Barnes should have been allowed only to state what he observed defendant do and how defendant acted and that it should have been left to the jury, upon the description provided by the witness, to conclude if defendant was intoxicated. Plaintiff further contends that when the witness admitted that he was intoxicated, this disqualified him as a matter of law to render an opinion as to whether another was intoxicated. We disagree with these contentions; they relate to the weight and not the admissibility of the testimony. *State v. Dawson, supra.*

[3]  Plaintiff contends that there was error in submitting the issue of contributory negligence to the jury. We disagree with this contention. There is ample evidence in the record to support the submission of the issue and indeed it would have been error for the judge not to have done so, since the issue was raised in the pleadings and supported by the evidence. "If different inferences may be drawn from the evidence on the issue of contributory negligence, some favorable to the plaintiff and others to the defendant, it is a case for the jury to determine (Citations)." *Wilson v. Camp,* 249 N.C. 754, 107 S.E. 2d 743 (1959). See *Weatherman v. Weatherman,* 270 N.C. 130, 153 S.E. 2d 860 (1967) ; *Boyd v. Wilson,* 269 N.C. 728, 153 S.E. 2d 484 (1967).

We have considered plaintiff's other assignments of error but finding them without merit, they are overruled.

No error.

Judges BROCK and VAUGHN concur.