STATE OF NORTH CAROLINA v. STEVE ALVIN PATTON

No. 7319SC372

(Filed 23 May 1973)

1. **Criminal Law § 113— instructions — failure to define words of common meaning**
    It is not error for the court to fail to define and explain words of common usage and meaning to the general public, including essential elements of the crime charged, in the absence of a request for special instructions.

2 **Disorderly Conduct and Public Drunkenness § 2— failure of court to define "drunk" or "intoxicated"**
    In a prosecution for public drunkenness, the trial court erred in failing to define what would constitute being "drunk" or "intoxicated" in order to sustain a conviction for a violation of G.S. 14-335.

APPEAL by defendant from *McConnell, Judge,* 16 October 1972 Session of CABARRUS Superior Court.

Defendant was tried *de novo* in Superior Court, having been convicted in District Court of two offenses: appearing in a public place in an intoxicated condition in violation of G.S. 14-335, and carrying a concealed weapon in violation of G.S. 14-269. He was sentenced to imprisonment for 20 days for the public drunkenness charge, and to imprisonment for four months for the concealed weapon charge, the sentences to run concurrently.

The evidence tended to show that on 16 March 1972 at about 12:30 a.m. at the Truckers Center, a restaurant in Concord, North Carolina, defendant and two other men ordered something to eat. They "became a little unruly" and argued with the management about the delay in filling their order. When asked to leave, they argued with the manager, but then did leave. The defendant was within the observation of the restaurant manager for about fifteen or eighteen minutes. The manager observed "a strong odor of alcohol."

After they had left, defendant and his companions began to enter again. The manager saw defendant take an object from his pocket and hold it across his waist. The manager then pushed the first man out the door and into the defendant. Thereupon the defendant dropped a straight razor on the ground.

Just as the manager was pushing the three men out the door, a deputy sheriff arrived and observed that defendant was unsteady on his feet. He saw defendant drop the razor on the ground. The deputy noticed "a strong odor of alcohol about" the defendant, who, in the deputy's opinion, "was under the influence and intoxicated."

The defendant testified that he and his two companions had driven from Winston-Salem that evening, that they had drunk a six-pack of beer, but that he was not drunk.

*Attorney General Robert Morgan by Assistant Attorney General Donald A. Davis for the State.*

*Davis, Koontz & Horton by Clarence E. Horton, Jr. for defendant appellant.*

CAMPBELL, Judge.

The evidence taken in the light most favorable to the State is sufficient to require submission of the case to the jury. *State v. Fenner,* 263 N.C. 694, 140 S.E. 2d 349 (1965).

In its charge to the jury the court stated:

" . . . I charge you that if the State has satisfied you from the evidence, and beyond a reasonable doubt that on this the 16th day of March, 1972, the defendant Steve Alvin Patton, was on the premises of Trucker's Center, and you find further beyond a reasonable doubt that it was a public place, and at the time he was publicly drunk, or intoxicated, that he consumed some alcoholic beverage to cause him to become intoxicated or drunk, if the State has so satisfied you from the evidence and beyond a reasonable doubt, it would be your duty to return a verdict of public drunkenness, or intoxication. . . ."

Defendant asserts as error the failure of the court to define in that portion of the charge the words "drunk" or "intoxicated." G.S. 1-180 imposes upon the trial judge the affirmative duty to explain the law of the case sufficiently enough for the jury to understand it, and make an intelligent determination of the evidence with respect to the law. The trial judge is not required, however, to instruct with any greater particularity upon any element of the offense than is necessary to enable the jury to apply that law to the evidence bearing on the element. *State v. Thacker*, 5 N.C. App. 197, 167 S.E. 2d 879 (1969).

[1]  It is not error for the court to fail to define and explain words of common usage and meaning to the general public, in the absence of a request for special instructions. *State v. Withers*, 2 N.C. App. 201, 162 S.E. 2d 638 (1968). This rule applies equally to essential elements of the crime charged as well as to other legal terms contained in a charge. *State v. Godwin*, 267 N.C. 216, 147 S.E. 2d 890 (1966) ; *State v. Jones*, 227 N.C. 402, 42 S.E. 2d 465 (1947).

Any member of the jury, if he or she had observed the defendant at the restaurant at the time in question, would have been qualified to testify in court as to his opinion whether the defendant was intoxicated. *Bryant v. Ballance*, 13 N.C. App. 181, 185 S.E. 2d 315 (1971), *cert. denied*, 280 N.C. 495, 186 S.E. 2d 513 (1972). They would not need to be experts to understand the meaning of the word "drunk" or to find from the evidence of defendant's actions whether or not he was drunk.

As a witness, however, the one testifying would be subject to examination by the defendant as to what, in the opinion of such witness, would constitute being drunk or intoxicated.

[2]   The state of being "drunk" or "intoxicated" varies greatly in the opinion of different persons. What would constitute this status in the eyes and opinion of one person might be far different from that of another person. In view of this situation we do not think it proper for the jury to be turned loose without further guidance from the trial judge, and a definition of what would constitute being "drunk" or "intoxicated" in order to sustain a conviction for a violation of G.S. 14-335.

In the instant case no instruction or guidance was given by the trial judge to the jury, and we think this constitutes error. Some guidance is required and being "drunk" within the meaning of G.S. 14-335 is defined in *State v. Painter,* 261 N.C. 332, 134 S.E. 2d 638 (1964).

We have reviewed the other assignments of error and find no merit in them.

In Case No. 72-CR-3300 (public intoxication) we find error, and the defendant is entitled to a new trial.

In Case No. 72-CR-3301 (carrying a concealed weapon) we find no error.

Judges PARKER and VAUGHN concur.