MARSHALL CHARLES BOWEN, ADMINISTRATOR OF THE ESTATE OF JOHN LARRY BOWEN v. RICHARD BURNETT JONES

No. 7328SC554

(Filed 3 April 1974)

Evidence § 11— transactions with decedent — waiver of objection

    Where, in an action to recover for the wrongful death of a passenger in an automobile driven by defendant, plaintiff offered evidence as to the sobriety of his intestate and of defendant, plaintiff waived such right as he may have had under G.S. 8-51 to object to defendant's rebuttal testimony on the same question.

APPEAL by defendant from *Martin (Harry C.), Judge,* 5 March 1973 Session of Superior Court held in BUNCOMBE County.

This is an action to recover damages for the wrongful death of plaintiff's intestate who was killed while a passenger in a car operated by defendant. Defendant denied negligence and alleged contributory negligence on the part of plaintiff's intestate, contending that he participated in a drinking party with defendant and continued to ride with defendant knowing that defendant was intoxicated. The jury answered issues of negligence, contributory negligence and damages in favor of plaintiff, and defendant appealed.

*Wade Hall for plaintiff appellee.*

*Morris, Golding, Blue and Phillips by James F. Blue III for defendant appellant.*

VAUGHN, Judge.

Although defendant argues that his motions for directed verdict and judgment notwithstanding the verdict should have been allowed, we are of the opinion that the evidence made out a case for consideration by the jury.

There must be a new trial, however, for errors committed when the court did not allow certain testimony from defendant.

Bray v. Board of Education

Plaintiff introduced testimony from several witnesses to the effect that defendant did not have the odor of alcohol about him immediately after the accident. Plaintiff also elicited testimony tending to show that there was no odor of alcohol about plaintiff's intestate immediately after the accident. Defendant thereafter attempted to testify, in effect, that he and plaintiff's intestate had been together for several hours and that both of them had been drinking. That testimony was excluded by the court. Plaintiff, having offered evidence on the material question of the sobriety of the parties, waived such right as he might have had under G.S. 8-51 to object to rebuttal testimony on the same question from defendant. *Pearce v. Barham,* 267 N.C. 707, 149 S.E. 2d 22; *Carswell v. Greene,* 253 N.C. 266, 116 S.E. 2d 801; *Bryant v. Ballance,* 13 N.C. App. 181, 185 S.E. 2d 315, *cert. den.,* 280 N.C. 495, 186 S.E. 2d 513.

New trial.

Judges HEDRICK and BALEY concur.